**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:24-cv-48** |
| **ASIF KAKAI, VIP TRADE, LLC,** | § | |
| **MIL CARRIERS INC., and** | § | |
| **AMAZON.COM, INC. D/B/A** | § | |
| **AMAZON.COM SERVICES, LLC D/B/A** | § | |
| **AMAZON FREIGHT PARTNERS** | § | |
| | § | |
| *Defendants.* | § | |

**INDEX OF DOCUMENTS FILED IN STATE COURT**

COMES NOW Defendant Amazon.com, Inc. (hereinafter "Amazon"), and files this Index of Documents Filed in State Court, as of the date Amazon filed its Notice of Removal, and as of the date of this Index being filed.

| Document Filed | Filing Party | Date Filed | Exhibit |
|---|---|---|---|
| Case Docket Sheet | | | 1 |
| Plaintiff's Original Petition | Plaintiff | 08/18/2023 | 2 |
| Plaintiff's Amended Petition | Plaintiff | 9/18/2023 | 3 |
| Plaintiff's Motion for Substitution of Counsel | Plaintiff | 09/29/2023 | 4 |
| Notice of Entry of Appearance | Plaintiff | 09/29/2023 | 5 |
| Order Permitting Withdrawal of Counsel | Plaintiff | 10/02/2023 | 6 |
| Plaintiff's Second Amended Petition | Plaintiff | 10/16/2023 | 7 |
| Order Setting Status/Scheduling Conference | Court | 12/08/2023 | 8 |
| Plaintiff's Request for Issuance of Citations | Plaintiff | 01/16/2024 | 9 |
| Affidavit of Service for Amazon | Plaintiff | 01/22/2024 | 10 |
| Order Setting Hearing Via Zoom | Court | 01/25/2024 | 11 |
| Amazon.com, Inc.'s Original Answer | Defendant | 02/12/2024 | 12 |

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, L.L.P.**

By: */s/ Stephen Smith* ___________

**Stephen B. Smith**
Texas Bar No. 18684450
Stephen.smith@wilsonelser.com
**Efrain Forte, III**
Texas Bar No. 24105872
Efrain.Forte@wilsonelser.com
901 Main Street, Suite 4800
Dallas, Texas 75202
Telephone: 214-698-8000
Facsimile: 214-698-1101

**COUNSEL FOR DEFENDANT AMAZON.COM, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to counsel of record in accordance with the Federal Rules of Civil Procedure, on this 13th day of February 2024.

*/s/ Stephen Smith* _________
**STEPHEN B. SMITH**

# 1

# Register of Actions
## Case No. 2023DCV2714

**GABRIEL HOLGUIN VS ASIF KAKAI, VIP TRADE, LLC, MIL CARRIERS INC., and AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS** § § § § §

Case Type: **Injury or Damage - Motor Vehicle**
Date Filed: **08/18/2023**
Location: **County Court at Law 3**

### Party Information

| | | |
|---|---|---|
| **Defendant** | **AMAZON.COM, INC.** | **Lead Attorneys**<br>**STEPHEN B. SMITH**<br>*Retained*<br>214-698-8000(W) |
| **Defendant** | **Kakai, Asif** | |
| **Defendant** | **MIL CARRIERS INC.** | |
| **Defendant** | **VIP TRADE LLC** | |
| **Plaintiff** | **Holguin, Gabriel** | **DANIELA LABINOTI**<br>*Retained*<br>915-581-4600(W) |

### Events & Orders of the Court

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 08/18/2023 | **Original Petition (OCA) Index # 1** | | |
| 08/18/2023 | **E-File Event Original Filing** | | |
| 08/21/2023 | **Citation** | | |
| | Kakai, Asif | Unserved | |
| | VIP TRADE LLC | Unserved | |
| 09/18/2023 | **Amended Petition Index # 2** | | |
| 09/20/2023 | **Citation** | | |
| | Kakai, Asif | Unserved | |
| | VIP TRADE LLC | Unserved | |
| 09/29/2023 | **Motion for Substitute Counsel Index # 3** | | |
| 09/29/2023 | **Notice of Entry of Appearance Index # 4** | | |
| 10/02/2023 | **Order Permitting Withdrawl of Counsel Index # 5** | | |
| 10/16/2023 | **Amended Petition Index # 6** | | |
| 12/08/2023 | **Order Setting Hearing Index # 7** | | |
| 01/16/2024 | **Request Index # 8** | | |
| 01/17/2024 | **Citation** | | |
| | Kakai, Asif | Unserved | |
| 01/17/2024 | **Citation** | | |
| | Kakai, Asif | Unserved | |
| | VIP TRADE LLC | Unserved | |
| | MIL CARRIERS INC. | Unserved | |
| | AMAZON.COM, INC. | Served | 01/18/2024 |
| | | Response Received | 02/12/2024 |
| | | Returned | 01/22/2024 |
| 01/19/2024 | **Status/Scheduling Conference** (11:00 AM) (Judicial Officer Baeza, Melissa) | | |
| 01/22/2024 | **Affidavit of Service Index # 9** | | |
| 01/25/2024 | **Order Setting Hearing Index # 10** | | |
| 02/12/2024 | **Answer Index # 12** | | |
| 04/22/2024 | **Status Hearing** (11:00 AM) (Judicial Officer Baeza, Melissa) | | |

# 2

**IN THE COUNTY COURT AT LAW NUMBER __________**
**______ JUDICIAL DISTRICT COURT**
**OF EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN.,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Cause No.2023DCV_______** |
| | § | |
| **ASIF KAKAI, and** | § | |
| **VIP TRADE LLC.** | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GABRIEL HOLGUIN (hereinafter "Plaintiff"), complaining of ASIF KAKAI (hereinafter referred to as "Defendant KAKAI"), and VIP TRADE LLC (hereinafter referred to as "Defendant VIP TRADE LLC"), and for a cause of action would show this Honorable Court and Jury the following:

## I. Discovery Control Plan

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

## II. Parties, Jurisdiction, and Venue

Plaintiff GABRIEL HOLGUIN is a resident of Anthony, NM. The last three numbers of Plaintiff's Driver's License are 775.

Defendant ASIF KAKAI is an individual who is a resident of Texas and may be served with process by serving him at 6742 De Moss Dr. Apt 178, Houston, Texas 7707 and/or wherever they may be found.



Copy from re:SearchTX

Defendant VIP TRADE LLC. is an Illinois corporation company doing business in El Paso, Texas and may be served with process by serving its registered agent, John C. Sims. or any other authorized officer or agent therein at 1205 Broadway, Lubbock, Texas and/or wherever they may be found.

This Court has jurisdiction over the parties.

Venue is proper in El Paso County, Texas under Texas Civil Practice & Remedies Code § 15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## III. MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## IV. FACTS

The injuries and damages suffered by Plaintiff and made the basis of this claim arose out of an occurrence on or about July 19, 2022, in El Paso County, Texas. At such time and place, Plaintiff was traveling westbound on I-10. Defendant Kakai was operating a tractor trailer for Defendant VIP TRADE LLC. traveling westbound on I-10 when Defendant Kakai suddenly and without warning or notice rear ended Plaintiff. As a result of this incident, Plaintiff sustained substantial physical injuries and damages.

## V. NEGLIGENCE OF DEFENDANT ASIF KAKAI

Defendant KAKAI owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant KAKAI arising from one or more of the following alternative theories of negligence:



Copy from re:SearchTX

1. Operating a commercial vehicle in the United States without qualifying under the Federal Motor Carrier Safety Act.
2. Negligent operation of a commercial motor driven vehicle.
3. Failure to use due care in operating a commercial motor vehicle.
4. Failure to operate a commercial motor vehicle with sufficient caution.
5. Failure to follow regulations as promulgated by the Federal Motor Carrier Safety Administration.
6. Operating a commercial vehicle in the United States without reasonable qualifications, training, testing, and experience.
7. Operating a commercial vehicle when not qualified to do so.
8. Violation of FMCSR § 390.11.
9. Violation of FMCSR § 391.11.
10. Violation of FMCSR § 391.13.
11. Violation of FMCSR § 391.21.
12. Violation of FMCSR § 391.23.
13. Violation of FMCSR § 391.25.
14. Violation of FMCSR § 391.27.
15. Violation of FMCSR § 391.31.
16. Violation of FMCSR § 391.41.
17. Violation of FMCSR § 391.43.
18. Violation of FMCSR § 391.45.
19. Violation of FMCSR § 392.2.
20. Violation of FMCSR § 392.3.
21. Violation of FMCSR § 392.4.
22. Violation of FMCSR § 392.6.
23. Violation of FMCSR § 392.7.
24. Violation of FMCSR § 395.3.
25. Other violations of the FMCSR that may be discovered.
26. Failure to use due care in operating a motor vehicle. Transportation Code § 545.351.
27. Failure to drive at a speed in compliance with the posted speed limit. Transportation Code § 544.004.
28. Failure to drive within statutory speed limit. Transportation Code § 546.206 and § 545.351.
29. Failure to maintain a safe distance. Transportation Code § 545.062(a).
30. Failure to operate a motor vehicle at a speed which was reasonable and prudent under the conditions. § 545.351.
31. Failure to control speed. Transportation Code § 545.062.
32. Failure to drive entirely within a single lane. Transportation Code § 545.060.
33. Failure to remain in a single lane.
34. Failure to change lane in a movement that can be done safely. Transportation Code § 545.060.
35. Failure to keep a proper lookout.
36. Failure to pay attention.
37. Failure to take proper evasive action.



Copy from re:SearchTX

38. Failure to safely apply brakes to avoid a collision.
39. Failure to turn to the left or right to avoid a collision.
40. Failure to honk and give adequate warning of the impending danger.
41. Failure to warn of the dangers.
42. Failure to use due care and caution under the circumstances then existing.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages. Furthermore, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced, or additional injuries and damages to Plaintiff that would have not been sustained but for one or more of the foregoing acts or omissions.

## VI. NEGLIGENCE PER SE OF DEFENDANT ASIF KAKAI

Said collision and Plaintiff's damages were proximately caused by Defendant Asif Kakai violations of the laws of the State of Texas and of the United States of America constituting negligence per se. Specifically, Defendant Mark Stephen Henson conduct violated § 545.351, § 544.004, §546.206, § 545.351, § 545.062(a), § 545.062, §545.060 and § 552.008 of the Texas Transportation Code and § 390.11, § 391.11, § 391.13, § 391.21, § 391.23, § 391.25, § 391.27, § 391.31, § 391.41, § 391.43, § 391.45, § 392.2, § 392.3, § 392.4, § 392.6, § 392.7, and § 395.3 of the Federal Motor Carrier Safety Regulations.

## VII. NEGLIGENCE OF DEFENDANT VIP TRADE LLC.

Alternatively, and without waiving the foregoing, Defendant VIP TRADE is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of DEFENDANT ASIF KAKAI.

Alternatively, and without waiving the foregoing, said occurrence and Plaintiff's injuries and damages were proximately caused by the direct negligence of Defendant VIP



Copy from re:SearchTX

TRADE LLC its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/or gross negligence on the part of Defendant VIP TRADE LLC:

a. Failure to properly educate, instruct, and supervise Defendant KAKAI in the performance of his duties.
b. Failure to supply adequate and reasonably competent drivers and workers.
c. Failure to provide adequate training to its drivers in the operation of his vehicle;
d. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
e. Negligent hiring, supervision, retention, training, and entrustment;
f. Failing to exercise reasonable care in the selection and monitoring of its drivers;
g. Failure to provide training, which met industry standards;
h. Failure to provide proper safety manuals and instructions to drivers;
i. Failing to enforce its safety policies, if any, provided to its drivers;
j. Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
k. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.
l. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
m. By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KAKAI.
n. By allowing Defendant KAKAI to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit and unskilled to operate a commercial motor vehicle.
o. Failing to properly screen its applicants for driver certification.
p. Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KAKAI to drive.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the



Copy from re:SearchTX

foregoing acts or omissions.

Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.

## VIII. NEGLIGENT ENTRUSTMENT OF VIP TRADE LLC.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant VIP TRADE LLC., Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative theories of negligence on the part of Defendant VIP TRADE LLC.:

1. That on July 19, 2022 , Defendant VIP TRADE LLC was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KAKAI.
2. Allowing Defendant KAKAI to operate the vehicle on the public streets of El Paso County, Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit, incompetent, reckless and unskilled to operate the vehicle.
3. Entrusting a vehicle to an unlicensed, incompetent, or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

## IX. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT VIP TRADE LLC.

Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant KAKAI was an employee/agent acting within the course and scope of employment for Defendant VIP TRADE LLC. Plaintiff would show that Defendant VIP TRADE is liable for the damages and injuries which were caused by the negligence of



Copy from re:SearchTX

Defendant KAKAI, its employees, agents and representatives. Defendant VIP TRADE LLC. is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant VIP TRADE LLC. had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant VIP TRADE LLC. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of *respondeat superior*.

## X. PLAINTIFF'S DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has suffered pain and suffering in the past, and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

The amount of Plaintiffs' damages is substantial and well in excess of the jurisdictional



Copy from re:SearchTX

minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex. R. Civ. P. 47(c)(1) and affirmatively plead that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiffs also seek judgment for all other relief to which Plaintiffs are entitled. Plaintiffs reserve the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff is seeking monetary relief over $250,000.00 but no more than $1,000,000.00.

## XI. PUNITIVE DAMAGES

Plaintiff would show that the acts and omissions of Defendants, their agents, employees, and representatives, constitute reckless, willful, fraudulent, wanton or in bad faith conduct. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless and willful, fraudulent, wanton or in bad faith conduct and to set an example for others that such conduct will not be tolerated.

## XII. PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.



Copy from re:SearchTX

## XIII. JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues in this case.

## XIV. TRIAL EVIDENCE

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XV. CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

*/s/ Connie J. Flores*

**CONNIE J. FLORES**
TX State Bar No.: 24067828
7016 Orizaba Ave.
El Paso, Texas 79912
Phone: (915) 308-1000
Facsimile: (915) 300-0283
Cflores@ftalawfirm.com
***ATTORNEY FOR PLAINTIFF***



Copy from re:SearchTX

# 3

El Paso County - County Court at Law 3
Filed 9/18/2023 5:38 PM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV2714

**IN THE COUNTY COURT AT LAW NUMBER THREE**
**OF EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Cause No. 2023DCV2714** |
| | § | |
| **ASIF KAKAI, and** | § | |
| **VIP TRADE LLC.** | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**<u>PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GABRIEL HOLGUIN (hereinafter "Plaintiff"), complaining of ASIF KAKAI (hereinafter referred to as "Defendant KAKAI"), and VIP TRADE LLC (hereinafter referred to as "Defendant VIP TRADE LLC"), and for a cause of action would show this Honorable Court and Jury the following:

## I. DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

## II. PARTIES, JURISDICTION, AND VENUE

Plaintiff GABRIEL HOLGUIN is a resident of Anthony, NM. The last three numbers of Plaintiff's Driver's License are 775.

Defendant ASIF KAKAI is an individual who is a resident of Texas and may be served with process by serving him at 6742 De Moss Dr. Apt 178, Houston, Texas 7707 and/or wherever they may be found.



Copy from re:SearchTX

Defendant VIP TRADE LLC. is an Illinois corporation company doing business in El Paso, Texas and may be served with process by serving its registered agent, John C. Sims. or any other authorized officer or agent therein at 1205 Broadway, Lubbock, Texas and/or wherever they may be found.

This Court has jurisdiction over the parties.

Venue is proper in El Paso County, Texas under Texas Civil Practice & Remedies Code § 15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in El Paso County.

## III. MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## IV. FACTS

The injuries and damages suffered by Plaintiff and made the basis of this claim arose out of an occurrence on or about July 19, 2022, in El Paso County, Texas. At such time and place, Plaintiff was traveling westbound on I-10. Defendant Kakai was operating a tractor trailer for Defendant VIP TRADE LLC. traveling westbound on I-10 when Defendant Kakai suddenly and without warning or notice rear ended Plaintiff. As a result of this incident, Plaintiff sustained substantial physical injuries and damages.

## V. NEGLIGENCE OF DEFENDANT ASIF KAKAI

Defendant KAKAI owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant KAKAI arising from one or more of the following alternative theories of negligence:



Copy from re:SearchTX

1. Operating a commercial vehicle in the United States without qualifying under the Federal Motor Carrier Safety Act.
2. Negligent operation of a commercial motor driven vehicle.
3. Failure to use due care in operating a commercial motor vehicle.
4. Failure to operate a commercial motor vehicle with sufficient caution.
5. Failure to follow regulations as promulgated by the Federal Motor Carrier Safety Administration.
6. Operating a commercial vehicle in the United States without reasonable qualifications, training, testing, and experience.
7. Operating a commercial vehicle when not qualified to do so.
8. Violation of FMCSR § 390.11.
9. Violation of FMCSR § 391.11.
10. Violation of FMCSR § 391.13.
11. Violation of FMCSR § 391.21.
12. Violation of FMCSR § 391.23.
13. Violation of FMCSR § 391.25.
14. Violation of FMCSR § 391.27.
15. Violation of FMCSR § 391.31.
16. Violation of FMCSR § 391.41.
17. Violation of FMCSR § 391.43.
18. Violation of FMCSR § 391.45.
19. Violation of FMCSR § 392.2.
20. Violation of FMCSR § 392.3.
21. Violation of FMCSR § 392.4.
22. Violation of FMCSR § 392.6.
23. Violation of FMCSR § 392.7.
24. Violation of FMCSR § 395.3.
25. Other violations of the FMCSR that may be discovered.
26. Failure to use due care in operating a motor vehicle. Transportation Code § 545.351.
27. Failure to drive at a speed in compliance with the posted speed limit. Transportation Code § 544.004.
28. Failure to maintain a safe distance. Transportation Code § 545.062(a).
29. Failure to operate a motor vehicle at a speed which was reasonable and prudent under the conditions. § 545.351.
30. Failure to maintain an assured clear distance. Transportation Code § 545.062.
31. Failure to keep a proper lookout.
32. Failure to pay attention.
33. Failure to take proper evasive action.
34. Failure to safely apply brakes to avoid a collision.
35. Failure to turn to the left or right to avoid a collision.
36. Failure to honk and give adequate warning of the impending danger.
37. Failure to warn of the dangers.
38. Failure to use due care and caution under the circumstances then existing.



Copy from re:SearchTX

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages. Furthermore, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced, or additional injuries and damages to Plaintiff that would have not been sustained but for one or more of the foregoing acts or omissions.

## VI. NEGLIGENCE PER SE OF DEFENDANT ASIF KAKAI

Said collision and Plaintiff's damages were proximately caused by Defendant Asif Kakai violations of the laws of the State of Texas and of the United States of America constituting negligence per se. Specifically, Defendant Mark Stephen Henson conduct violated § 545.351, § 544.004, § 545.351, § 545.062(a), and § 545.062, of the Texas Transportation Code and § 390.11, § 391.11, § 391.21, § 391.23, § 391.25, § 391.27, § 391.31, § 391.41, § 391.43, § 391.45, § 392.2, § 392.3, § 392.4, § 392.6, § 392.7, and § 395.3 of the Federal Motor Carrier Safety Regulations.

## VII. NEGLIGENCE OF DEFENDANT VIP TRADE LLC.

Alternatively, and without waiving the foregoing, Defendant VIP TRADE is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of DEFENDANT ASIF KAKAI.

Alternatively, and without waiving the foregoing, said occurrence and Plaintiff's injuries and damages were proximately caused by the direct negligence of Defendant VIP TRADE LLC its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/or gross negligence on the part of Defendant VIP TRADE LLC:



Copy from re:SearchTX

a. Failure to properly educate, instruct, and supervise Defendant KAKAI in the performance of his duties.
b. Failure to supply adequate and reasonably competent drivers and workers.
c. Failure to provide adequate training to its drivers in the operation of his vehicle;
d. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
e. Negligent hiring, supervision, retention, training, and entrustment;
f. Failing to exercise reasonable care in the selection and monitoring of its drivers;
g. Failure to provide training, which met industry standards;
h. Failure to provide proper safety manuals and instructions to drivers;
i. Failing to enforce its safety policies, if any, provided to its drivers;
j. Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
k. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.
l. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
m. By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KAKAI.
n. By allowing Defendant KAKAI to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit and unskilled to operate a commercial motor vehicle.
o. Failing to properly screen its applicants for driver certification.
p. Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KAKAI to drive.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual



Copy from re:SearchTX

conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.

## VIII. NEGLIGENT ENTRUSTMENT OF VIP TRADE LLC.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant VIP TRADE LLC., Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative theories of negligence on the part of Defendant VIP TRADE LLC.:

1. That on July 19, 2022 , Defendant VIP TRADE LLC was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KAKAI.
2. Allowing Defendant KAKAI to operate the vehicle on the public streets of El Paso County, Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit, incompetent, reckless and unskilled to operate the vehicle.
3. Entrusting a vehicle to an unlicensed, incompetent, or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

## IX. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT VIP TRADE LLC.

Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant KAKAI was an employee/agent acting within the course and scope of employment for Defendant VIP TRADE LLC. Plaintiff would show that Defendant VIP TRADE is liable for the damages and injuries which were caused by the negligence of Defendant KAKAI, its employees, agents and representatives. Defendant VIP TRADE LLC. is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant VIP TRADE LLC.



Copy from re:SearchTX

had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant VIP TRADE LLC. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of *respondeat superior*.

## X. PLAINTIFF'S DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has suffered pain and suffering in the past, and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

The amount of Plaintiffs' damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these



Copy from re:SearchTX

elements of damages is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex. R. Civ. P. 47(c)(1) and affirmatively plead that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiffs also seek judgment for all other relief to which Plaintiffs are entitled. Plaintiffs reserve the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff is seeking monetary relief over $250,000.00 but no more than $1,000,000.00.

## XI. PUNITIVE DAMAGES

Plaintiff would show that the acts and omissions of Defendants, their agents, employees, and representatives, constitute reckless, willful, fraudulent, wanton or in bad faith conduct. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless and willful, fraudulent, wanton or in bad faith conduct and to set an example for others that such conduct will not be tolerated.

## XII. PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIII. JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues in this case.

## XIV. TRIAL EVIDENCE



Copy from re:SearchTX

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XV. CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

__*/s/ Connie J. Flores*______________
**CONNIE J. FLORES**
TX State Bar No.: 24067828
7016 Orizaba Ave.
El Paso, Texas 79912
Phone: (915) 308-1000
Facsimile: (915) 300-0283
cflores@ftalawfirm.com
***ATTORNEY FOR PLAINTIFF***



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alejandra Garcia on behalf of Concepcion Flores
Bar No. 24067828
floresassistant@ftalawfirm.com
Envelope ID: 78808638
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Amended Petition/ ML
Status as of 9/20/2023 9:23 AM MST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |

Associated Case Party: Gabriel Holguin

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |

Copy from re:SearchTX

# 4

**IN COUNTY COURT AT LAW NUMBER THREE_________**
**IN EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 2023DCV2714_______** |
| | § | |
| **ASIF KAKAI and** | § | |
| **VIP TRADE, LLC** | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF'S MOTION FOR SUBSTITUTION OF COUNSEL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, GABRIEL HOLGUIN, as Movant herein, and requests leave of Court to substitute DANIELA LABINOTI for CONNIE J. FLORES as attorney of record for Plaintiff in the above-entitled and numbered cause, and in support thereof, shows the court the following:

**I.**

DANIELA LABINOTI has been employed to represent Plaintiff, as evidenced by the signatures of CONNIE J. FLORES and Movant below. This substitution is not sought for delay only.

**WHEREFORE, PREMISES CONSIDERED**, Movant GABRIEL HOLGUIN prays for the Court to enter an order substituting DANIELA LABINOTI for CONNIE J. FLORES and discharging CONNIE J. FLORES, as attorney of record for Movant, and for such other and further relief that may be awarded at law or in equity.

Copy from re:SearchTX

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605
Daniela@LabinotiLaw.com

_/s/ *Daniela Labinoti*________
**DANIELA LABINOTI**

**APPROVED:**

*Gabriel Holguin* __*By Permission* ______
**GABRIEL HOLGUIN**

*Connie J. Flores* __*By Permission* _____
**CONNIE J. FLORES**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 80108251
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Substitution of Counsel
Status as of 9/29/2023 2:49 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Daniela Labinoti | | daniela@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |

Copy from re:SearchTX

**5**

**IN COUNTY COURT AT LAW NUMBER THREE_________**
**IN EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 2023DCV2714_______** |
| | § | |
| **ASIF KAKAI and** | § | |
| **VIP TRADE, LLC** | § | |
| | § | |
| **Defendant** | § | |

**ENTRY OF APPEARANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DANIELA LABINOTI, of the law firm of LAW FIRM OF DANIELA LABINOTI, P.C., and enters her appearance as lead counsel of record for Plaintiff GABRIEL HOLGUIN. The undersigned respectfully requests that all future notices, pleadings, correspondence, communications, and any other file documents be copied to the undersigned's attention.

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605
Daniela@LabinotiLaw.com

*_/s/ Daniela Labinoti*_________
**DANIELA LABINOTI**
State Bar No. 24050900

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 80108251
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Substitution of Counsel
Status as of 9/29/2023 2:49 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Daniela Labinoti | | daniela@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |

Copy from re:SearchTX

# 6

El Paso County - County Court at Law 3 Filed 10/2/2023 3:34 PM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV2714

**IN COUNTY COURT AT LAW NUMBER THREE________**
**IN EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CAUSE NO. 2023DCV2714______** |
| **ASIF KAKAI and** | § | |
| **VIP TRADE, LLC** | § | |
| **Defendant** | § | |

**ORDER GRANTING**
**PLAINTIFF'S MOTION FOR SUBSTITUTION OF COUNSEL**

On this the 2nd day of October, 2023 the Court considered the Plaintiff's Motion for Substitution of Counsel.

The Court finds that Movant approved the substitution, and that the substitution is not sought for delay only and should be **GRANTED**.

**IT IS THEREFORE ORDERED** that CONNIE J. FLORES is discharged as attorney of record, and DANIELA LABINOTI is substituted as attorney of record for Movant.

Signed this 2nd day of October, 2023.

______________________________
JUDGE PRESIDING

APPROVED AS TO FORM:

*Dasniela Labinoti*_____
DANIELA LABINOTI

Copy from re:SearchTX

*Gabriel Holguin By Permission*___
GABRIEL HOLGUIN

*Connie J. Flores By Permission*___
CONNIE J. FLORES

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 80166302
Filing Code Description: Proposed Order
Filing Description: ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTIUTION OF COUNSEL
Status as of 10/2/2023 4:21 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 10/2/2023 3:34:52 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 10/2/2023 3:34:52 PM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 10/2/2023 3:34:52 PM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 10/2/2023 3:34:52 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 10/2/2023 3:34:52 PM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 10/2/2023 3:34:52 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 10/2/2023 3:34:52 PM | SENT |

Copy from re:SearchTX

# 7

IN COUNTY COURT AT LAW NUMBER THREE
IN EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| GABRIEL HOLGUIN,<br><br>Plaintiff,<br><br>v.<br><br>ASIF KAKAI, VIP TRADE, LLC, MIL CARRIERS INC., and AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS<br><br>Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 2023DCV2714 |

PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GABRIEL HOLGUIN (hereinafter "Plaintiff"), complaining of ASIF KAKAI (hereinafter referred to as "Defendant KAKAI"), VIP TRADE LLC (hereinafter referred to as "Defendant VIP TRADE LLC"), MIL CARRIERS INC. (hereinafter referred to as "Defendant MIL CARRIERS"), AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS (hereinafter referred to as "Defendant AMAZON ") and for a cause of action would show this Honorable Court and Jury the following:

**I.**
**DISCOVERY CONTROL PLAN**

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

**II.**
**PARTIES, JURISDICTION, AND VENUE**

Plaintiff GABRIEL HOLGUIN is a resident of Anthony, NM. The last three numbers of Plaintiff's Driver's License are 775.

Defendant ASIF KAKAI is an individual who is a resident of Texas and may be served with process by serving him at 6742 De Moss Dr. Apt 178, Houston, Texas 7707 and/ or wherever they



Copy from re:SearchTX

may be found.

Defendant VIP TRADE LLC. is an Illinois corporation company doing business in El Paso, Texas and may be served with process by serving its registered agent, John C. Sims. or any other authorized officer or agent therein at 1205 Broadway, Lubbock, Texas and/ or wherever they may be found.

Defendant MIL CARRIERS INC. is an Illinois corporation company doing business in El Paso, Texas and may be served with process by serving its registered agent, John C. Sims. or any other authorized officer or agent therein at 1205 Broadway, Lubbock, Texas and/ or wherever they may be found.

Defendant AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS is a Delaware corporation company doing business in El Paso, Texas and may be served with process by serving its registered agent, Corporation Service Company dba CSC-Lawyers Inco, or any other authorized officer or agent therein at 211 E. 7th Street, Suite 620, Austin, Texas 78701, and/ or wherever they may be found.

This Court has jurisdiction over the parties.

Venue is proper in El Paso County, Texas under Texas Civil Practice & Remedies Code § 15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in El Paso County.

## III.
## MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/ or such parties are/were "alter egos" of parties named herein.

## IV.
## FACTS

The injuries and damages suffered by Plaintiff and made the basis of this claim arose out of an occurrence on or about July 19, 2022, in El Paso County, Texas. At such time and place, Plaintiff was traveling westbound on I-10. Defendant Kakai was operating a tractor trailer for Defendant VIP



Copy from re:SearchTX

TRADE LLC. traveling westbound on I-10 when Defendant Kakai suddenly and without warning or notice rear ended Plaintiff. As a result of this incident, Plaintiff sustained substantial physical injuries and damages.

## V.
## NEGLIGENCE OF DEFENDANT ASIF KAKAI

Defendant KAKAI owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant

KAKAI arising from one or more of the following alternative theories of negligence:

1. Operating a commercial vehicle in the United States without qualifying under the Federal Motor Carrier Safety Act.
2. Negligent operation of a commercial motor driven vehicle.
3. Failure to use due care in operating a commercial motor vehicle.
4. Failure to operate a commercial motor vehicle with sufficient caution.
5. Failure to follow regulations as promulgated by the Federal Motor Carrier Safety Administration.
6. Operating a commercial vehicle in the United States without reasonable qualifications, training, testing, and experience.
7. Operating a commercial vehicle when not qualified to do so.
8. Violation of FMCSR § 390.11.
9. Violation of FMCSR § 391.11.
10. Violation of FMCSR § 391.13.
11. Violation of FMCSR § 391.21.
12. Violation of FMCSR § 391.23.
13. Violation of FMCSR § 391.25.
14. Violation of FMCSR § 391.27.
15. Violation of FMCSR § 391.31.
16. Violation of FMCSR § 391.41.
17. Violation of FMCSR § 391.43.
18. Violation of FMCSR § 391.45.
19. Violation of FMCSR § 392.2.
20. Violation of FMCSR § 392.3.
21. Violation of FMCSR § 392.4.
22. Violation of FMCSR § 392.6.
23. Violation of FMCSR § 392.7.
24. Violation of FMCSR § 395.3.
25. Other violations of the FMCSR that may be discovered.
26. Failure to use due care in operating a motor vehicle. Transportation Code §545.351.
27. Failure to drive at a speed in compliance with the posted speed limit. Transportation Code § 544.004.
28. Failure to maintain a safe distance. Transportation Code § 545.062(a).
29. Failure to operate a motor vehicle at a speed which was reasonable and prudent under the conditions.§ 545.351.
30. Failure to maintain an assured clear distance. Transportation Code§ 545.062.



Copy from re:SearchTX

31. Failure to keep a proper lookout.
32. Failure to pay attention.
33. Failure to take proper evasive action.
34. Failure to safely apply brakes to avoid a collision.
35. Failure to turn to the left or right to avoid a collision.
36. Failure to honk and give adequate warning of the impending danger.
37. Failure to warn of the dangers.
38. Failure to use due care and caution under the circumstances then existing.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages. Furthermore, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced, or additional injuries and damages to Plaintiff that would have not been sustained but for one or more of the foregoing acts or omissions.

## VI.
## NEGLIGENCE PER SE OF DEFENDANT ASIF KAKAI

Said collision and Plaintiff's damages were proximately caused by Defendant Asif Kakai violations of the laws of the State of Texas and of the United States of America constituting negligence per se. Specifically, Defendant Asif Kakai's conduct violated § 545.351, § 544.004, § 545.351, § 545.062(a), and § 545.062, of the Texas Transportation Code and § 390.11, § 391.11, § 391.21, § 391.23, § 391.25, § 391.27, § 391.31, § 391.41, § 391.43, § 391.45, § 392.2, § 392.3, § 392.4, § 392.6, § 392.7, and § 395.3 of the Federal Motor Carrier Safety Regulations.

## VII.
## NEGLIGENCE OF DEFENDANT VIP TRADE LLC.

Alternatively, and without waiving the foregoing, Defendant VIP TRADE is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of DEFENDANT ASIF KAKAI.

Alternatively, and without waiving the foregoing, said occurrence and Plaintiff's injuries and damages were proximately caused by the direct negligence of Defendant VIP TRADE LLC its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/ or gross negligence on the part of Defendant VIP TRADE LLC:



Copy from re:SearchTX

1. Failure to properly educate, instruct, and supervise Defendant KAKAI in the performance of his duties.
2. Failure to supply adequate and reasonably competent drivers and workers.
3. Failure to provide adequate training to its drivers in the operation of his vehicle;
4. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
5. Negligent hiring, supervision, retention, training, and entrustment;
6. Failing to exercise reasonable care in the selection and monitoring of its drivers;
7. Failure to provide training, which met industry standards;
8. Failure to provide proper safety manuals and instructions to drivers;
9. Failing to enforce its safety policies, if any, provided to its drivers;
10. Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
11. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.
12. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
13. By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KAKAI.
14. By allowing Defendant KAKAI to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit and unskilled to operate a commercial motor vehicle.
15. Failing to properly screen its applicants for driver certification.
16. Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KAKAI to drive.

Each of the foregoing negligent acts and/ or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/ or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.



Copy from re:SearchTX

## VIII.
## NEGLIGENT ENTRUSTMENT OF VIP TRADE LLC.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant VIP TRADE LLC., Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative theories of negligence on the part of Defendant VIP TRADE LLC.:

That on July 19, 2022 , Defendant VIP TRADE LLC was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KAKAI.

Allowing Defendant KAKAI to operate the vehicle on the public streets of El Paso County, Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit, incompetent, reckless and unskilled to operate the vehicle.

Entrusting a vehicle to an unlicensed, incompetent, or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

## IX.
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT VIP TRADE LLC.

Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant KAKAI was an employee/ agent acting within the course and scope of employment for Defendant VIP TRADE LLC. Plaintiff would show that Defendant VIP TRADE is liable for the damages and injuries which were caused by the negligence of Defendant KAKAI, its employees, agents and representatives. Defendant VIP TRADE LLC. is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant VIP TRADE LLC had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant VIP TRADE LLC. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of



Copy from re:SearchTX

respondeat superior.

## X.
## NEGLIGENCE OF DEFENDANT MIL CARRIERS INC.

Alternatively, and without waiving the foregoing, Defendant MIL CARRIERS is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of Defendant ASIF KAKAI.

Alternatively, and without waiving the foregoing, said occurrence and Plaintiff's injuries and damages were proximately caused by the direct negligence of Defendant MIL CARRIERS, its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/ or gross negligence on the part of Defendant MIL CARRIERS:

1. Failure to properly educate, instruct, and supervise Defendant KAKAI in the performance of his duties.
2. Failure to supply adequate and reasonably competent drivers and workers.
3. Failure to provide adequate training to its drivers in the operation of his vehicle;
4. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
5. Negligent hiring, supervision, retention, training, and entrustment;
6. Failing to exercise reasonable care in the selection and monitoring of its drivers;
7. Failure to provide training, which met industry standards;
8. Failure to provide proper safety manuals and instructions to drivers;
9. Failing to enforce its safety policies, if any, provided to its drivers;
10. Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
11. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.
12. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
13. By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KAKAI.
14. By allowing Defendant KAKAI to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit and unskilled to operate a commercial motor vehicle.
15. Failing to properly screen its applicants for driver certification.
16. Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KAKAI to drive.

Each of the foregoing negligent acts and/ or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause



Copy from re:SearchTX

of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/ or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.

## XI.
## NEGLIGENT ENTRUSTMENT OF MIL CARRIERS INC.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant MIL CARRIERS, Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative theories of negligence on the part of Defendant MIL CARRIERS:

That on July 19, 2022 , Defendant MIL CARRIERS was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KAKAI.

Allowing Defendant KAKAI to operate the vehicle on the public streets of El Paso County, Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit, incompetent, reckless and unskilled to operate the vehicle.

Entrusting a vehicle to an unlicensed, incompetent, or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

## XII.
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT MIL CARRIERS INC.

Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant KAKAI was an employee/ agent acting within the course and scope of employment for



Copy from re:SearchTX

Defendant MIL CARRIERS. Plaintiff would show that Defendant MIL CARRIERS is liable for the damages and injuries which were caused by the negligence of Defendant KAKAI, its employees, agents and representatives. Defendant MIL CARRIERS is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant MIL CARRIERS had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant MIL CARRIERS. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of respondeat superior.

## XIII.
## NEGLIGENCE OF DEFENDANT AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS

Alternatively, and without waiving the foregoing, Defendant AMAZON is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of Defendant ASIF KAKAI.

Alternatively, and without waiving the foregoing, said occurrence and Plaintiff's injuries and damages were proximately caused by the direct negligence of Defendant AMAZON, its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/ or gross negligence on the part of Defendant AMAZON:

1. Failure to properly educate, instruct, and supervise Defendant KAKAI in the performance of his duties.
2. Failure to supply adequate and reasonably competent drivers and workers.
3. Failure to provide adequate training to its drivers in the operation of his vehicle;
4. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
5. Negligent hiring, supervision, retention, training, and entrustment;
6. Failing to exercise reasonable care in the selection and monitoring of its drivers;
7. Failure to provide training, which met industry standards;
8. Failure to provide proper safety manuals and instructions to drivers;
9. Failing to enforce its safety policies, if any, provided to its drivers;
10. Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
11. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.



Copy from re:SearchTX

12. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
13. By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KAKAI.
14. By allowing Defendant KAKAI to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit and unskilled to operate a commercial motor vehicle.
15. Failing to properly screen its applicants for driver certification.
16. Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KAKAI to drive.

Each of the foregoing negligent acts and/ or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/ or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.

**XIV.**
**NEGLIGENT ENTRUSTMENT OF AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS.**

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant AMAZON, Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative theories of negligence on the part of Defendant AMAZON:

That on July 19, 2022 , Defendant AMAZON was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KAKAI.

Allowing Defendant KAKAI to operate the vehicle on the public streets of El Paso County,



Copy from re:SearchTX

Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit, incompetent, reckless and unskilled to operate the vehicle.

Entrusting a vehicle to an unlicensed, incompetent, or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

**XV.**
**RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS.**

Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant KAKAI was an employee/ agent acting within the course and scope of employment for Defendant AMAZON. Plaintiff would show that Defendant AMAZON is liable for the damages and injuries which were caused by the negligence of Defendant KAKAI, its employees, agents and representatives. Defendant AMAZON is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant AMAZON had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant AMAZON. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of respondeat superior.

**XVI.**
**PLAINTIFF'S DAMAGES**

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.



Copy from re:SearchTX

Plaintiff has suffered pain and suffering in the past, and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

The amount of Plaintiffs' damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex. R. Civ. P. 47(c)(1) and affirmatively plead that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiffs also seek judgment for all other relief to which Plaintiffs are entitled. Plaintiffs reserve the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff is seeking monetary relief over $1,000,000.00.

## XVII.
## PUNITIVE DAMAGES

Plaintiff would show that the acts and omissions of Defendants, their agents, employees, and representatives, constitute reckless, willful, fraudulent, wanton or in bad faith conduct. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless and willful, fraudulent, wanton or in bad faith conduct and to set an example for others that such conduct will not be tolerated.



Copy from re:SearchTX

**XVIII.**
**PREJUDGMENT AND POST-JUDGMENT INTEREST**

Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

**XIX.**
**JURY DEMAND**

Plaintiff respectfully requests a trial by jury of the issues in this case.

**XX.**
**TRIAL EVIDENCE**

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

**XXI.**
**CONCLUSION AND PRAYER**

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605
Daniela@LabinotiLaw.com

/s/ Daniela Labinoti
DANIELA LABINOTI
State Bar No. 24050900



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 80628295
Filing Code Description: Amended Filing
Filing Description: PLAINTIFFS SECOND AMENDED PETITION
Status as of 10/16/2023 1:16 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 10/16/2023 12:56:38 PM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |
| Jonathan Baeza | | jonathan@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 10/16/2023 12:56:38 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 10/16/2023 12:56:38 PM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |

Copy from re:SearchTX

# 8

El Paso County - County Court at Law 3
Filed 1/25/2024 10:18 AM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV2714

**IN THE COUNTY COURT AT LAW NUMBER THREE**

**EL PASO COUNTY, TEXAS**

GABRIEL HOLGUIN — Cause No. 2023DCV2714

VS

ASIF KAKAI, VIP TRADE, LLC, MIL CARRIERS INC., and AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS

## ORDER SETTING HEARING

It is hereby ordered that a **Status Hearing** is scheduled for **April 22, 2024 at 11:00 AM VIA ZOOM** (see attached page for the Zoom information) in the County Court at Law Number Three, located at 500 E. San Antonio Street, Suite 1001, 10th Floor, El Paso, Texas 79901.

IF ANY PARTY SEEKING AFFIRMATIVE RELIEF FAILS TO APPEAR FOR ANY HEARING OR TRIAL OF WHICH THE PARTY HAD NOTICE, THE PARTY'S CASE/CLAIMS MAY BE DISMISSED FOR WANT OF PROSECUTION.

Please consult the El Paso County Local Rules published on the website for the Office of Court Administration: https://topics.txcourts.gov/LocalRulesPublic/LocalRuleDocuments.

If you or your witness require an interpreter, you are responsible for contracting a freelance certified court interpreter.

Signed on **1/23/2024.**

**Melissa A. Baeza, Judge**
**County Court at Law Number Three**

**eFile Texas Service:**
Daniela Labinoti

Copy from re:SearchTX

JUDGE MELISSA BAEZA is inviting you to a scheduled Zoom meeting.

Topic: 04/22/2024 HEARINGS

Join Zoom Meeting

https://txcourts.zoom.us/j/88414427331

Meeting ID: 884 1442 7331

One tap mobile

+13462487799,,88414427331# US (Houston)

+17193594580,,88414427331# US

Dial by your location

- +1 346 248 7799 US (Houston)
- +1 719 359 4580 US
- +1 253 205 0468 US
- +1 253 215 8782 US (Tacoma)
- +1 669 444 9171 US
- +1 669 900 6833 US (San Jose)
- +1 305 224 1968 US
- +1 309 205 3325 US
- +1 312 626 6799 US (Chicago)
- +1 360 209 5623 US
- +1 386 347 5053 US
- +1 507 473 4847 US
- +1 564 217 2000 US
- +1 646 931 3860 US
- +1 689 278 1000 US
- +1 929 205 6099 US (New York)
- +1 301 715 8592 US (Washington DC)

Meeting ID: 884 1442 7331

Find your local number: https://txcourts.zoom.us/u/kBkkbXkEA

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 83785653
Filing Code Description: Proposed Order
Filing Description: ORDER SETTING HEARING
Status as of 1/25/2024 4:00 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 1/25/2024 10:18:31 AM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |
| Jonathan Baeza | | jonathan@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |

Copy from re:SearchTX

**9**

# Law Firm of Daniela Labinoti P.C.

**- *Texas & New Mexico* –**

January 15, 2024

***Via Texas E-Filing***
El Paso County District Clerk's Office

Re: Issuance of Citations
Cause No.: 2023-DCV-2714
Filing Date: October 16, 2023
Type of Service:

1. **Citation for Personal Service** for Defendants Asif Kakai, VIP Trade, L.L.C., MIL Carriers, Inc., & Amazon.com
2. **Citations for Outside Service** for Defendant Asif Kakai

Dear Sir or Madam:

Please be advised I am requesting that citations be issued for the case styled *Gabriel Holguin vs. Asif Kakai, et. al.* for **service of process on Defendants**. Our office is requesting the following citation be issued in connection with Plaintiff's Original Petition, which was filed on October 16, 2023.

**Citation for Personal Service on Defendant Asif Kakai.** Defendant Asif Kakai is an individual residing in Harris County, Texas, and may be served with process by serving him at 6742 De Moss Drive, Apt. #178, Houston, Texas 77074-4939, and/or wherever he may be found.

**Citation for Outside Service on Defendant Asif Kakai.** Defendant Asif Kakai is an individual residing in Harris County, Texas, and pursuant to Texas Civil Practice and Remedies Code Sec. §17.062 et seq, the Texas Secretary of State is the agent of service of process on a person who is a resident of Texas in any suit against a person involved in an accident that occurred while operating a motor vehicle on a public highway or street in this state and may be with process by serving Jane Nelson, Texas Secretary of State, via certified mail to 1019 Brazos, Room #105, Austin, Texas 78701, who will then issue service of process for Defendant Asif Kakai by serving by serving him at 6742 De Moss Drive, Apt. #178, Houston, Texas 77074-4939, and/or wherever he may be found.

**707 Myrtle Avenue, El Paso, Texas 79901**
www.labinotilaw.com ♦ **Email:** ***Daniela@labinotilaw.com***
**Phone (915) 581-4600 ♦ Fax (915)581-4605**

Copy from re:SearchTX

**Citation for Personal Service on Defendant VIP Trade, L.L.C..** Defendant VIP Trade, L.L.C. is a foreign for-profit corporation doing business in the State of Texas and may be served with process by serving its registered agent, John C. Sims, and/or any other authorized officer or agent therein at 10 Old Oak Drive, Apt. #201, Buffalo Grove, Illinois 60089-3638, and/or wherever they may be found.

**Citation for Personal Service on Defendant MIL Carrier, Inc.** Defendant MIL Carrier, Inc. is a foreign for-profit corporation doing business in the State of Texas and may be served with process by serving its registered agent and/or any other authorized person at 4339 Dempster Street, Skokie, Illinois 60076-2037, and/or wherever they may be found.

**Citation for Personal Service on Defendant Amazon.com, Inc. d/b/a Amazon.com Services, L.L.C. d/b/a Amazon Freight Partners.** Defendant Amazon.com, Inc. d/b/a Amazon.com Services, L.L.C. d/b/a Amazon Freight Partners is a foreign for-profit corporation doing business in the State of Texas and may be served with process by serving its registered agent, Corporation Service Company s/b/a CSC-Lawyers, Inco., and/or any other authorized officer or agent therein at 211 E. 7th Street, Suite #620, Austin, Texas 78701, and/or wherever they may be found.

Please note that the requested citation for the above referenced matter should be emailed to the following email addresses:

biancam@labinotilaw.com daniela@labinotilaw.com suetta@labinotilaw.com

As of January 1, 2021, the Texas Rules of Civil Procedure have changed and now require additional, specific language in the citation. Please be sure the citations include the following language:

The citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof.

The citation shall include the following notice to the defendant: “You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.”

If you have any questions, please do not hesitate to contact my legal assistant Bianca C. Martinez at (915)581-4600 or by email at biancam@labinotilaw.com.



Copy from re:SearchTX

Respectfully submitted,

***/s/ Daniela Labinoti***

Daniela Labinoti
Attorney at Law



Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 83410533
Filing Code Description: No Fee Documents
Filing Description: Request for Issuance of Citations / NC
Status as of 1/16/2024 4:11 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 1/15/2024 10:22:52 AM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |
| Jonathan  Baeza | | jonathan@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |

Copy from re:SearchTX

# 10

El Paso County - County Court at Law 3
Filed 1/22/2024 12:44 PM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV2714

CAUSE NO. 2023DCV2714

| | | |
|---|---|---|
| **GABRIEL HOLGUIN** *Plaintiff(s),* | § | COUNTY COURT AT LAW NUMBER 3 |
| v. | § | OF |
| **ASIF KAKAI, et al.** *Defendant(s).* | § | EL PASO COUNTY, TEXAS |

**RETURN OF SERVICE**

I, Michélle du Plessis, being duly sworn, state:

I am not a party to or interested in the outcome of this suit.

I received the following documents on January 17, 2024, at 5:18 pm. I delivered these documents to Amazon.com, Inc. d/b/a Amazon.com Services, L.L.C. d/b/a Amazon Freight Partners in Travis County, TX on January 18, 2024 at 3:27 pm at 211 East 7th Street, Austin, TX 78701 by leaving the following documents with Neisha Gross who as Intake Specialist at Corporation Service Company is authorized by appointment or by law to receive service of process for Amazon.com, Inc. d/b/a Amazon.com Services, L.L. C. d/b/a Amazon Freight Partners.

Citation
PLAINTIFF'S SECOND AMENDED PETITION

Black or African American Female, est. age 35-44, glasses: N, Black hair, 220 lbs to 240 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=30.2785015335,-97.7376346332
Photograph: See Exhibit 1

My name is Michélle du Plessis, my date of birth is 2/11/1975, and my address is 7201 Ranch Road 2222, Austin, TX 78730, and USA.

I declare under penalty of perjury that the foregoing is true and correct.



Copy from re:SearchTX

Executed in

Travis County,

TX on 1/19/2024.

/s/ Michlle du Plessis

Michélle du Plessis
+1 (512) 333-1722
Certification Number: PSC-20619
Expiration Date: 3/31/2024



Copy from re:SearchTX

Exhibit 1a)






Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 83646200
Filing Code Description: No Fee Documents
Filing Description: Affidavit of Service for Amazon
Status as of 1/23/2024 8:06 AM MST

Associated Case Party: Gabriel Holguin

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 1/22/2024 12:44:57 PM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |
| Jonathan Baeza | | jonathan@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |

Copy from re:SearchTX

# 11

El Paso County - County Court at Law 3 Filed 12/8/2023 9:36 AM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV2714

**IN THE COUNTY COURT AT LAW NUMBER THREE**

**EL PASO COUNTY, TEXAS**

GABRIEL HOLGUIN Cause No. 2023DCV2714

VS

ASIF KAKAI, VIP TRADE, LLC, MIL CARRIERS INC., and AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS

**ORDER SETTING HEARING**

It is hereby ordered that a **Status/Scheduling Conference** is scheduled for **January 19, 2024 at 11:00 AM VIA ZOOM** (see attached page for the Zoom information) in the County Court at Law Number Three, located at 500 E. San Antonio Street, Suite 1001, 10th Floor, El Paso, Texas 79901.

IF ANY PARTY SEEKING AFFIRMATIVE RELIEF FAILS TO APPEAR FOR ANY HEARING OR TRIAL OF WHICH THE PARTY HAD NOTICE, THE PARTY'S CASE/CLAIMS MAY BE DISMISSED FOR WANT OF PROSECUTION.

Please consult the El Paso County Local Rules published on the website for the Office of Court Administration: https://topics.txcourts.gov/LocalRulesPublic/LocalRuleDocuments.

If you or your witness require an interpreter, you are responsible for contracting a freelance certified court interpreter.

Signed on **12/8/2023.**

**Melissa A. Baeza, Judge**
**County Court at Law Number Three**

**eFile Texas Service:**
Daniela Labinoti

Copy from re:SearchTX

Topic: 01/19/2024 HEARINGS

Join Zoom Meeting
https://txcourts.zoom.us/j/89311080814

Meeting ID: 893 1108 0814

One tap mobile
+13462487799,,89311080814# US (Houston)
+12532158782,,89311080814# US (Tacoma)

Dial by your location
• +1 346 248 7799 US (Houston)
• +1 253 215 8782 US (Tacoma)
• +1 669 444 9171 US
• +1 669 900 6833 US (San Jose)
• +1 719 359 4580 US
• +1 253 205 0468 US
• +1 305 224 1968 US
• +1 309 205 3325 US
• +1 312 626 6799 US (Chicago)
• +1 360 209 5623 US
• +1 386 347 5053 US
• +1 507 473 4847 US
• +1 564 217 2000 US
• +1 646 931 3860 US
• +1 689 278 1000 US
• +1 929 205 6099 US (New York)
• +1 301 715 8592 US (Washington DC)

Meeting ID: 893 1108 0814

Find your local number: https://txcourts.zoom.us/u/kelsXoG4Zw

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 82379802
Filing Code Description: Notice
Filing Description: STATUS/SCHEDULING CONFERENCE
Status as of 12/8/2023 1:49 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |
| Jonathan  Baeza | | jonathan@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |

Copy from re:SearchTX

# 12

**IN COUNTY COURT AT LAW NUMBER THREE**
**IN EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 2023DCV2714** |
| **ASIF KAKAI, VIP TRADE, LLC,** | § | |
| **MIL CARRIERS INC., and** | § | |
| **AMAZON.COM, INC. D/B/A** | § | |
| **AMAZON.COM SERVICES, LLC D/B/A** | § | |
| **AMAZON FREIGHT PARTNERS** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT AMAZON.COM, INC.'s ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Amazon.Com, Inc, incorrectly sued herein as "Amazon.Com, Inc., D/B/A Amazon.Com Services, LLC D/B/A Amazon Freight Partners" (hereinafter collectively "Defendants" or "Amazon") and file their Original Answer to Plaintiff Gabriel Holguin's (hereinafter "Plaintiff") *Second Amended Petition* in the above numbered and styled cause, and in support thereof would respectfully show the Court as follows:

**I.**
**SPECIAL EXCEPTIONS**

1. Texas follows a "fair notice" standard for pleadings in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). The fair notice pleading standard serves to give the

opposing party information sufficient to enable it to prepare a defense. *Horizon v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). In determining whether a pleading is adequate, the court examines whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy. *Elite Door & Trim v. Tapia*, 355 S.W.3d 757, 766 (Tex.App.— Dallas 2011, no pet.).

2. The purpose of Special Exceptions is to force clarification of an adverse party's pleadings when they are not clear or sufficiently specific. *Connolly v. Gasmire*, 257 S.W. 3d 831, 839 (Tex. App. - Dallas 2008, no pet.). Special Exceptions may also be used to determine whether a party has stated a claim or defense permitted by law. *Mowbray v. Avery,* 76 S.W. 3d 663, 677 (Tex. App- Corpus Christi 2002, pet. Denied) (citing Tex. R. Civ. P. 91). Pursuant to Rule 91 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants point out the following defects in Plaintiff's Original Petition and respectfully requests this court enter an order requiring Plaintiff to re-plead the allegations in his petition.

**Special Exception No. 1: Negligence Per Se**

3. Defendants specially excepts to theory 10 of **Section XIII** of *Plaintiff's Second Amended Petition*, purporting to allege negligence. As plead, this constitutes an allegation of "negligence per se," as defective and failing to put Defendants on fair notice of Plaintiff's claims. Plaintiff cannot maintain a claim of negligence *per se* against Defendants based on an alleged violation of a statute which incorporates an ordinarily prudent person standard and does not establish a specific standard of conduct different from the common-law standard of ordinary care.

4. The case of *Perkins v. Delaney*, 170 S.W.3d 136 (Tex. App.-Eastland 2005, no pet.) illustrates the analysis employed by Texas courts in dismissing negligence *per se* allegations. In *Perkins*, the trial court denied the plaintiff's request to present TEX. TRANS. CODE § 545.058 to the

jury. *Id.* at 136. The trial court also refused the plaintiff's request to instruct the jury on the issue of negligence *per se* based on an alleged violation of the statute. *Id.* The statute provided that an operator may drive on an improved shoulder of a roadway if it could be "done safely." *Id.* at 137. The *Perkins* court focused on the qualifying language in the statute "done safely." *Id.* It concluded the statute "does not impose an absolute duty, but, rather, imposes a conditional duty that correlates to the common law duty of reasonable care." *Id.* As a result, the court held that when "the duty imposed by a statute is conditional, a negligence *per se* instruction is precluded." *Id.* at 138.

5. This holding follows the customary inquiry of Texas courts addressing this issue. Where a statute incorporates an ordinarily prudent person standard, negligence *per se* does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care. *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.-Texarkana 2002, pet. denied); *see also Cudworth v. South Texas Paisano Const. Co.*, 705 S.W2d 315, 317 (Tex. App.-San Antonio 1986, writ ref'd n.r.e.). In other words, where the duty of compliance with an ordinance or statute is conditioned on what is reasonable, the negligence *per se* doctrine does not apply. *Maddox*, 67 S.W.3d at 458. Defendant requests that Plaintiff's allegations in this regard be stricken and that Plaintiff be required to replead to meet this special exception.

**Special Exception No. 2: Gross Negligence**

6. Amazon specially excepts and objects to **Section XVII** of *Plaintiff's Second Amended Petition* as to allegations of "Punitive Damages", to the extent it purports to state a cause of action for gross negligence. Amazon specially excepts to these conclusory allegations on the grounds that they are merely improper recitations of purported bad conduct and fail to inform Amazon with sufficient particularity of the nature of Amazon's alleged gross negligence.

7. Under Texas law, Amazon cannot be liable for punitive damages unless it has committed "an act or omission (1) when, viewed objectively from the standpoint of the actor at the time of occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." Tex. R. Civ. Prac. & Rem. Code Ann. § 41.001(11); *BP Oil Pipeline Co. v. Plain Pipeline, L.P.,* 472 S.W.3d 296, 312 (Tex. App. – 14th Dist.) quoting *Transportation Inc. Co. v. Moriel*, 879 S.W. 2d 10, 23 (Tex. 1994). Further, a business entity may only be liable for gross negligence if the business entity, such as Defendants, commits gross negligence itself, and not vicariously through its purported employee or agent. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

8. Plaintiff has not properly plead this cause of action or cited any alleged facts or law which would potentially give rise to a gross negligence claim against Defendants. Plaintiff's factual pleadings indicated this was a run of the mill motor vehicle collision and wholly fails to set forth any allegations which give rise to a gross negligence claim. *Id.* at ¶ 10. Defendant requests that Plaintiff's allegations in this regard be stricken and that Plaintiff be required to replead to meet this special exception.

## II.
## GENERAL DENIAL

9. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Amazon generally denies each and every allegation and cause of action in Plaintiff's Original Petition and demands strict proof thereof.

## III.

## AFFIRMATIVE DEFENSES

10. Pleading further, Amazon would show that Defendants ASIF KAKAI, VIP TRADE, LLC, and MIL CARRIERS, INC., are independent contractors as a matter of law, and are not employees, borrowed employees, or agents of Amazon. To that extent, Amazon did not have the right to direct or control the details of the work performed by Defendants ASIF KAKAI, VIP TRADE, LLC, and MIL CARRIERS, INC. A written contract expressly excludes any right of control by Amazon over the details of the work performed by Defendants ASIF KAKAI, VIP TRADE, LLC, and MIL CARRIERS, INC's alleged acts and/or omissions.

11. Amazon invokes the right to comparative responsibility of Plaintiff, Defendants ASIF KAKAI, VIP TRADE, LLC, and MIL CARRIERS, INC., any responsible third party, and any settling party as provided under Chapter 33 of the Texas Civil Practices & Remedies Code, and requests that the fact finder apportion proportionate responsibility for the causes of action asserted in this lawsuit as provided under Chapter 33.

12. Amazon invokes all rights and remedies available under Chapter 32 and Chapter 33 of the Texas Civil Practice & Remedies Code.

13. Amazon invokes Section 41.0105 of the Texas Civil Practice & Remedies Code that restricts Plaintiffs' recovery, if any, to only those medical expenses actually paid or that were incurred by or on Plaintiff's behalf.

14. Amazon invokes Section 18.091 of the Texas Civil Practice & Remedies Code concerning Plaintiff's claims for lost wages and loss of earning capacity.

15. Pleading further and in the alternative, Amazon asserts that Plaintiff's damages and injuries, if any, are the result of pre-existing injuries and/or unrelated medical conditions that were not caused or aggravated by the occurrence in question.

16. Pleading further and in the alternative, Amazon asserts that Plaintiff failed to mitigate his damages, if any, by failing to act as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating his injuries, if any, that allegedly resulted from the occurrence in question.

17. Pleading further and in the alternative, Amazon would show that Plaintiff is not entitled to an award of exemplary damages and that the assessment of exemplary damages against Amazon would amount to excessive punishment in violation of the Texas Constitution and the Constitution of the United States.

18. Pleading further and in the alternative, Amazon asserts that the Exemplary Damages Act, TEX. CIV. PRAC. & REM. CODE §§ 41.001–41.013 applies to restrict and limit Plaintiff's claims for exemplary damages, and Amazon intends to invoke the statutory damage cap in the unlikely event that exemplary damages are awarded.

19. Pleading further and in the alternative, Amazon asserts that it cannot be held vicariously liable for gross negligence of a separate person or entity unless Plaintiffs prove that:

(1) A principal authorized the doing and the manner of the act, or

(2) An agent was unfit and the principal was reckless in employing him, or

(3) An agent was employed in a managerial capacity and was acting in the scope of employment, or

(4) An employer or a manager of the employer ratified or approved the act.

20. Pleading further and in the alternative, in the unlikely event that Amazon is found liable to Plaintiff, Amazon affirmatively pleads that it is entitled to a credit or offset for any and all sums Plaintiffs have received or may hereafter receive by way of any and all settlements, loan receipts, or Mary Carter type agreements arising from Plaintiff's claims and causes of action.

**A. U.S. Constitutional Defenses against Punitive Damages**

21. Further, Amazon hereby invokes its rights under the Due Process Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution. Amazon affirmatively pleads punitive and/or exemplary damages violate the due process clauses contained in the Fifth and Fourteenth Amendments, inasmuch as they are assessed:

(1) In an amount left to the discretion of the jury;

(2) By the vote of ten jurors and not a unanimous verdict.

(3) By virtue of the fact that Plaintiff needs only to prove the theory of gross negligence on a preponderance of the evidence standard, rather than on "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

(4) By the fact that such awards are unduly vague and do not meet the requirements of due process, in that punitive and/or exemplary damages are not based on a clearly defined statutory enactment setting forth specific requirements;

(5) By virtue of the fact that Amazon, in essence, is subjected to all the hazards and risks of a criminal fine, and, in fact, such awards often exceed normal criminal fines, but Amazon receives none of the basic rights afforded to a criminal defendant when subjected to possible criminal penalties;

(6) By virtue of the fact that Amazon who is the subject of the award does not have the right to refuse to testify against themselves, but must, in fact, take the stand and/or give deposition testimony or subject themselves to the consequences of default judgment; and

(7) By virtue of the fact that the assessment of punitive and/or exemplary damages differs from Defendant to Defendant and that such assessment treats similar Defendants in dissimilar ways.

22. Further, Amazon affirmatively pleads the assessment and award of punitive and/or exemplary damages violates the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, in that such

awards potentially constitute an excessive fine imposed without the protection of fundamental due process.

23. Accordingly, Amazon hereby pleads its rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and respectfully request this Honorable Court disallow the award of punitive and/or exemplary damages, inasmuch as an award in this case would violate Amazon's United States Constitutional Rights.

**B. <u>Texas Constitutional Defenses against Punitive Damages</u>**

24. Amazon also asserts its rights under the Texas Constitution Article 1, section 3, section 13 and section 19 as such awards for punitive damages are arbitrary, unreasonable and in violation of Amazon's rights to due process and equal protection under the law.

(1) A punitive damage award would violate the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the Fourteenth Amendment to said Constitution and in Article I, section 19, of the Texas Constitution.

(2) No provision of Texas law provides any adequate or meaningful standard or guide for fixing, determining or reviewing the amount of an award of punitive damages. Defendants had no notice of, or means of, ascertaining the amount of the penalty they would or might be subject to for the conduct upon which the award ostensibly is to be based.

(3) No provision of Texas law provides adequate procedural safeguards consistent with the criteria of *Matthews v. Eldridge,* 424 U.S. 319, 96 S.Ct 893 (1976) for the imposition of an award of punitive damages.

**C. <u>U.S. Constitutional Defenses against Pre-Judgment Interest</u>**

25. Additionally, Amazon affirmatively asserts that the assessment and award of pre-judgment interest violates the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, in that such an award constitutes an excessive fine imposed without the protection of fundamental due process. Accordingly, Amazon hereby invokes its rights under the Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution and respectfully requests this Court disallow any award of pre-judgment interest for the following reasons:

> (1) Any award by a jury is to be an amount of money assessed at the time of trial and is to be paid in dollars awarded at the time of trial and, as such, the jury has already factored into its deliberations the change in the value of money from the time of the occurrence in question until the time of trial; and
>
> (2) In awarding prejudgment interest, Plaintiff, in effect, receives double any prejudgment interest into account the time value of money and prejudgment interest added to the jury's verdict constituting an award amounting to double recovery.

**D. <u>Texas Statutory Defenses against Pre-Judgment Interest</u>**

26. Amazon further asserts that Plaintiff's claims for prejudgment interest are limited by the dates and amounts set forth in one or more of the following statutes, as applicable to this case:

1. ARTICLE 5069-1.05, § 6, TEX. REV. CIV. STAT. ANN;
2. Tex. Civ. Prac. & Rem. Code § 41.007; and
3. Texas Finance Code.

## IV.
## <u>NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7</u>

27. Amazon hereby invokes Rule 193.7 of the Texas Rules of Civil Procedure and gives notice of its intent to use any and/or all documents produced in discovery by any party to this cause as evidence in any pretrial proceedings and/or the trial of this cause.

## V.
## <u>JURY DEMAND</u>

28. Amazon hereby requests a jury trial and will tender the required fee as required by law, if not already tendered by another party.

## VI.

**RESERVATION OF RIGHT TO AMEND**

29. Amazon expressly reserves the right to amend this pleading at a later date, in order to assert additional matters which may become apparent during the course of discovery.

**VII.**
**PRAYER**

30. WHEREFORE, PREMISES CONSIDERED, Defendants Amazon.Com, Inc. D/B/A Amazon.Com Services, LLC D/B/A Amazon Freight Partners pray that Plaintiff take nothing by his claims and causes of action against Defendants Amazon.Com, Inc. D/B/A Amazon.Com Services, LLC D/B/A Amazon Freight Partners and that they be granted such other relief, whether general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, L.L.P.**

By: */s/ Stephen B. Smith*

**Stephen B. Smith**
Texas Bar No. 18684450
Stephen.smith@wilsonelser.com
**Efrain Forte, III**
Texas Bar No. 24105872
Efrain.Forte@wilsonelser.com
901 Main Street, Suite 4800
Dallas, Texas 75202
Telephone: 214-698-8000
Facsimile: 214-698-1101

**COUNSEL FOR DEFENDANT AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2024, I electronically served the foregoing using TX Efile.gov, which sends notification of such filing to all counsel of record.

*/s/ Stephen B. Smith*
Stephen B. Smith

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elena Mendoza on behalf of Stephen Blaine Smith
Bar No. 18684450
elena.mendoza@wilsonelser.com
Envelope ID: 84390315
Filing Code Description: Answer/Response
Filing Description: Defendant's Original Answer
Status as of 2/12/2024 9:43 AM MST

Associated Case Party: Gabriel Holguin

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 2/12/2024 9:06:43 AM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |
| Jonathan Baeza | | jonathan@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |

Associated Case Party: AMAZON.COM, INC.

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Efrain Forte | | efrain.forte@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |
| Elena Mendoza | | elena.mendoza@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |
| Ana Moran | | ana.moran@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |
| Sam Myers | | sam.myers@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |
| Stephen B.Smith | | stephen.smith@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |
| Elizabeth Martinez | | Elizabeth.martinez@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |

# 1

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back Location : All Courts Help

# REGISTER OF ACTIONS
## CASE NO. 2023DCV2714

**GABRIEL HOLGUIN VS ASIF KAKAI, VIP TRADE, LLC, MIL CARRIERS INC., and AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS** § § § § §

Case Type: **Injury or Damage - Motor Vehicle**
Date Filed: **08/18/2023**
Location: **County Court at Law 3**

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant** | **AMAZON.COM, INC.** | **Lead Attorneys**<br>**STEPHEN B. SMITH**<br>*Retained*<br>214-698-8000(W) |
| **Defendant** | **Kakai, Asif** | |
| **Defendant** | **MIL CARRIERS INC.** | |
| **Defendant** | **VIP TRADE LLC** | |
| **Plaintiff** | **Holguin, Gabriel** | **DANIELA LABINOTI**<br>*Retained*<br>915-581-4600(W) |

### EVENTS & ORDERS OF THE COURT

| | | | |
|---|---|---|---|
| | **OTHER EVENTS AND HEARINGS** | | |
| 08/18/2023 | **Original Petition (OCA)** **Index # 1** | | |
| 08/18/2023 | **E-File Event Original Filing** | | |
| 08/21/2023 | **Citation** | | |
| | Kakai, Asif | Unserved | |
| | VIP TRADE LLC | Unserved | |
| 09/18/2023 | **Amended Petition** **Index # 2** | | |
| 09/20/2023 | **Citation** | | |
| | Kakai, Asif | Unserved | |
| | VIP TRADE LLC | Unserved | |
| 09/29/2023 | **Motion for Substitute Counsel** **Index # 3** | | |
| 09/29/2023 | **Notice of Entry of Appearance** **Index # 4** | | |
| 10/02/2023 | **Order Permitting Withdrawl of Counsel** **Index # 5** | | |
| 10/16/2023 | **Amended Petition** **Index # 6** | | |
| 12/08/2023 | **Order Setting Hearing** **Index # 7** | | |
| 01/16/2024 | **Request** **Index # 8** | | |
| 01/17/2024 | **Citation** | | |
| | Kakai, Asif | Unserved | |
| 01/17/2024 | **Citation** | | |
| | Kakai, Asif | Unserved | |
| | VIP TRADE LLC | Unserved | |
| | MIL CARRIERS INC. | Unserved | |
| | AMAZON.COM, INC. | Served | 01/18/2024 |
| | | Response Received | 02/12/2024 |
| | | Returned | 01/22/2024 |
| 01/19/2024 | **Status/Scheduling Conference** (11:00 AM) (Judicial Officer Baeza, Melissa) | | |
| 01/22/2024 | **Affidavit of Service** **Index # 9** | | |
| 01/25/2024 | **Order Setting Hearing** **Index # 10** | | |
| 02/12/2024 | **Answer** **Index # 12** | | |
| 04/22/2024 | **Status Hearing** (11:00 AM) (Judicial Officer Baeza, Melissa) | | |

# 2

**IN THE COUNTY COURT AT LAW NUMBER __________**
**______ JUDICIAL DISTRICT COURT**
**OF EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Cause No.2023DCV_______** |
| | § | |
| **ASIF KAKAI, and** | § | |
| **VIP TRADE LLC.** | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GABRIEL HOLGUIN (hereinafter "Plaintiff"), complaining of ASIF KAKAI (hereinafter referred to as "Defendant KAKAI"), and VIP TRADE LLC (hereinafter referred to as "Defendant VIP TRADE LLC"), and for a cause of action would show this Honorable Court and Jury the following:

## I. DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

## II. PARTIES, JURISDICTION, AND VENUE

Plaintiff GABRIEL HOLGUIN is a resident of Anthony, NM. The last three numbers of Plaintiff's Driver's License are 775.

Defendant ASIF KAKAI is an individual who is a resident of Texas and may be served with process by serving him at 6742 De Moss Dr. Apt 178, Houston, Texas 7707 and/or wherever they may be found.



Copy from re:SearchTX

Defendant VIP TRADE LLC. is an Illinois corporation company doing business in El Paso, Texas and may be served with process by serving its registered agent, John C. Sims. or any other authorized officer or agent therein at 1205 Broadway, Lubbock, Texas and/or wherever they may be found.

This Court has jurisdiction over the parties.

Venue is proper in El Paso County, Texas under Texas Civil Practice & Remedies Code § 15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## III. MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## IV. FACTS

The injuries and damages suffered by Plaintiff and made the basis of this claim arose out of an occurrence on or about July 19, 2022, in El Paso County, Texas. At such time and place, Plaintiff was traveling westbound on I-10. Defendant Kakai was operating a tractor trailer for Defendant VIP TRADE LLC. traveling westbound on I-10 when Defendant Kakai suddenly and without warning or notice rear ended Plaintiff. As a result of this incident, Plaintiff sustained substantial physical injuries and damages.

## V. NEGLIGENCE OF DEFENDANT ASIF KAKAI

Defendant KAKAI owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant KAKAI arising from one or more of the following alternative theories of negligence:



Copy from re:SearchTX

1. Operating a commercial vehicle in the United States without qualifying under the Federal Motor Carrier Safety Act.
2. Negligent operation of a commercial motor driven vehicle.
3. Failure to use due care in operating a commercial motor vehicle.
4. Failure to operate a commercial motor vehicle with sufficient caution.
5. Failure to follow regulations as promulgated by the Federal Motor Carrier Safety Administration.
6. Operating a commercial vehicle in the United States without reasonable qualifications, training, testing, and experience.
7. Operating a commercial vehicle when not qualified to do so.
8. Violation of FMCSR § 390.11.
9. Violation of FMCSR § 391.11.
10. Violation of FMCSR § 391.13.
11. Violation of FMCSR § 391.21.
12. Violation of FMCSR § 391.23.
13. Violation of FMCSR § 391.25.
14. Violation of FMCSR § 391.27.
15. Violation of FMCSR § 391.31.
16. Violation of FMCSR § 391.41.
17. Violation of FMCSR § 391.43.
18. Violation of FMCSR § 391.45.
19. Violation of FMCSR § 392.2.
20. Violation of FMCSR § 392.3.
21. Violation of FMCSR § 392.4.
22. Violation of FMCSR § 392.6.
23. Violation of FMCSR § 392.7.
24. Violation of FMCSR § 395.3.
25. Other violations of the FMCSR that may be discovered.
26. Failure to use due care in operating a motor vehicle. Transportation Code § 545.351.
27. Failure to drive at a speed in compliance with the posted speed limit. Transportation Code § 544.004.
28. Failure to drive within statutory speed limit. Transportation Code § 546.206 and § 545.351.
29. Failure to maintain a safe distance. Transportation Code § 545.062(a).
30. Failure to operate a motor vehicle at a speed which was reasonable and prudent under the conditions. § 545.351.
31. Failure to control speed. Transportation Code § 545.062.
32. Failure to drive entirely within a single lane. Transportation Code § 545.060.
33. Failure to remain in a single lane.
34. Failure to change lane in a movement that can be done safely. Transportation Code § 545.060.
35. Failure to keep a proper lookout.
36. Failure to pay attention.
37. Failure to take proper evasive action.



Copy from re:SearchTX

38. Failure to safely apply brakes to avoid a collision.
39. Failure to turn to the left or right to avoid a collision.
40. Failure to honk and give adequate warning of the impending danger.
41. Failure to warn of the dangers.
42. Failure to use due care and caution under the circumstances then existing.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages. Furthermore, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced, or additional injuries and damages to Plaintiff that would have not been sustained but for one or more of the foregoing acts or omissions.

## VI. NEGLIGENCE PER SE OF DEFENDANT ASIF KAKAI

Said collision and Plaintiff's damages were proximately caused by Defendant Asif Kakai violations of the laws of the State of Texas and of the United States of America constituting negligence per se. Specifically, Defendant Mark Stephen Henson conduct violated § 545.351, § 544.004, §546.206, § 545.351, § 545.062(a), § 545.062, §545.060 and § 552.008 of the Texas Transportation Code and § 390.11, § 391.11, § 391.13, § 391.21, § 391.23, § 391.25, § 391.27, § 391.31, § 391.41, § 391.43, § 391.45, § 392.2, § 392.3, § 392.4, § 392.6, § 392.7, and § 395.3 of the Federal Motor Carrier Safety Regulations.

## VII. NEGLIGENCE OF DEFENDANT VIP TRADE LLC.

Alternatively, and without waiving the foregoing, Defendant VIP TRADE is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of DEFENDANT ASIF KAKAI.

Alternatively, and without waiving the foregoing, said occurrence and Plaintiff's injuries and damages were proximately caused by the direct negligence of Defendant VIP



Copy from re:SearchTX

TRADE LLC its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/or gross negligence on the part of Defendant VIP TRADE LLC:

a. Failure to properly educate, instruct, and supervise Defendant KAKAI in the performance of his duties.
b. Failure to supply adequate and reasonably competent drivers and workers.
c. Failure to provide adequate training to its drivers in the operation of his vehicle;
d. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
e. Negligent hiring, supervision, retention, training, and entrustment;
f. Failing to exercise reasonable care in the selection and monitoring of its drivers;
g. Failure to provide training, which met industry standards;
h. Failure to provide proper safety manuals and instructions to drivers;
i. Failing to enforce its safety policies, if any, provided to its drivers;
j. Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
k. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.
l. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
m. By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KAKAI.
n. By allowing Defendant KAKAI to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit and unskilled to operate a commercial motor vehicle.
o. Failing to properly screen its applicants for driver certification.
p. Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KAKAI to drive.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the



Copy from re:SearchTX

foregoing acts or omissions.

Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.

## VIII. NEGLIGENT ENTRUSTMENT OF VIP TRADE LLC.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant VIP TRADE LLC., Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative theories of negligence on the part of Defendant VIP TRADE LLC.:

1. That on July 19, 2022 , Defendant VIP TRADE LLC was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KAKAI.
2. Allowing Defendant KAKAI to operate the vehicle on the public streets of El Paso County, Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit, incompetent, reckless and unskilled to operate the vehicle.
3. Entrusting a vehicle to an unlicensed, incompetent, or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

## IX. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT VIP TRADE LLC.

Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant KAKAI was an employee/agent acting within the course and scope of employment for Defendant VIP TRADE LLC. Plaintiff would show that Defendant VIP TRADE is liable for the damages and injuries which were caused by the negligence of



Copy from re:SearchTX

Defendant KAKAI, its employees, agents and representatives. Defendant VIP TRADE LLC. is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant VIP TRADE LLC. had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant VIP TRADE LLC. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of *respondeat superior*.

## X. PLAINTIFF'S DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has suffered pain and suffering in the past, and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

The amount of Plaintiffs' damages is substantial and well in excess of the jurisdictional



Copy from re:SearchTX

minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex. R. Civ. P. 47(c)(1) and affirmatively plead that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiffs also seek judgment for all other relief to which Plaintiffs are entitled. Plaintiffs reserve the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff is seeking monetary relief over $250,000.00 but no more than $1,000,000.00.

## XI. PUNITIVE DAMAGES

Plaintiff would show that the acts and omissions of Defendants, their agents, employees, and representatives, constitute reckless, willful, fraudulent, wanton or in bad faith conduct. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless and willful, fraudulent, wanton or in bad faith conduct and to set an example for others that such conduct will not be tolerated.

## XII. PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.



Copy from re:SearchTX

## XIII. JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues in this case.

## XIV. TRIAL EVIDENCE

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XV. CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

__*/s/ Connie J. Flores* ____________
**CONNIE J. FLORES**
TX State Bar No.: 24067828
7016 Orizaba Ave.
El Paso, Texas 79912
Phone: (915) 308-1000
Facsimile: (915) 300-0283
Cflores@ftalawfirm.com
***ATTORNEY FOR PLAINTIFF***



Copy from re:SearchTX

# 3

**IN THE COUNTY COURT AT LAW NUMBER THREE**
**OF EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Cause No. 2023DCV2714** |
| | § | |
| **ASIF KAKAI, and** | § | |
| **VIP TRADE LLC.** | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GABRIEL HOLGUIN (hereinafter "Plaintiff"), complaining of ASIF KAKAI (hereinafter referred to as "Defendant KAKAI"), and VIP TRADE LLC (hereinafter referred to as "Defendant VIP TRADE LLC"), and for a cause of action would show this Honorable Court and Jury the following:

## I. DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

## II. PARTIES, JURISDICTION, AND VENUE

Plaintiff GABRIEL HOLGUIN is a resident of Anthony, NM. The last three numbers of Plaintiff's Driver's License are 775.

Defendant ASIF KAKAI is an individual who is a resident of Texas and may be served with process by serving him at 6742 De Moss Dr. Apt 178, Houston, Texas 7707 and/or wherever they may be found.



Copy from re:SearchTX

Defendant VIP TRADE LLC. is an Illinois corporation company doing business in El Paso, Texas and may be served with process by serving its registered agent, John C. Sims. or any other authorized officer or agent therein at 1205 Broadway, Lubbock, Texas and/or wherever they may be found.

This Court has jurisdiction over the parties.

Venue is proper in El Paso County, Texas under Texas Civil Practice & Remedies Code § 15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in El Paso County.

## III. MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## IV. FACTS

The injuries and damages suffered by Plaintiff and made the basis of this claim arose out of an occurrence on or about July 19, 2022, in El Paso County, Texas. At such time and place, Plaintiff was traveling westbound on I-10. Defendant Kakai was operating a tractor trailer for Defendant VIP TRADE LLC. traveling westbound on I-10 when Defendant Kakai suddenly and without warning or notice rear ended Plaintiff. As a result of this incident, Plaintiff sustained substantial physical injuries and damages.

## V. NEGLIGENCE OF DEFENDANT ASIF KAKAI

Defendant KAKAI owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant KAKAI arising from one or more of the following alternative theories of negligence:



Copy from re:SearchTX

1. Operating a commercial vehicle in the United States without qualifying under the Federal Motor Carrier Safety Act.
2. Negligent operation of a commercial motor driven vehicle.
3. Failure to use due care in operating a commercial motor vehicle.
4. Failure to operate a commercial motor vehicle with sufficient caution.
5. Failure to follow regulations as promulgated by the Federal Motor Carrier Safety Administration.
6. Operating a commercial vehicle in the United States without reasonable qualifications, training, testing, and experience.
7. Operating a commercial vehicle when not qualified to do so.
8. Violation of FMCSR § 390.11.
9. Violation of FMCSR § 391.11.
10. Violation of FMCSR § 391.13.
11. Violation of FMCSR § 391.21.
12. Violation of FMCSR § 391.23.
13. Violation of FMCSR § 391.25.
14. Violation of FMCSR § 391.27.
15. Violation of FMCSR § 391.31.
16. Violation of FMCSR § 391.41.
17. Violation of FMCSR § 391.43.
18. Violation of FMCSR § 391.45.
19. Violation of FMCSR § 392.2.
20. Violation of FMCSR § 392.3.
21. Violation of FMCSR § 392.4.
22. Violation of FMCSR § 392.6.
23. Violation of FMCSR § 392.7.
24. Violation of FMCSR § 395.3.
25. Other violations of the FMCSR that may be discovered.
26. Failure to use due care in operating a motor vehicle. Transportation Code § 545.351.
27. Failure to drive at a speed in compliance with the posted speed limit. Transportation Code § 544.004.
28. Failure to maintain a safe distance. Transportation Code § 545.062(a).
29. Failure to operate a motor vehicle at a speed which was reasonable and prudent under the conditions. § 545.351.
30. Failure to maintain an assured clear distance. Transportation Code § 545.062.
31. Failure to keep a proper lookout.
32. Failure to pay attention.
33. Failure to take proper evasive action.
34. Failure to safely apply brakes to avoid a collision.
35. Failure to turn to the left or right to avoid a collision.
36. Failure to honk and give adequate warning of the impending danger.
37. Failure to warn of the dangers.
38. Failure to use due care and caution under the circumstances then existing.



Copy from re:SearchTX

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages. Furthermore, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced, or additional injuries and damages to Plaintiff that would have not been sustained but for one or more of the foregoing acts or omissions.

## VI. NEGLIGENCE PER SE OF DEFENDANT ASIF KAKAI

Said collision and Plaintiff's damages were proximately caused by Defendant Asif Kakai violations of the laws of the State of Texas and of the United States of America constituting negligence per se. Specifically, Defendant Mark Stephen Henson conduct violated § 545.351, § 544.004, § 545.351, § 545.062(a), and § 545.062, of the Texas Transportation Code and § 390.11, § 391.11, § 391.21, § 391.23, § 391.25, § 391.27, § 391.31, § 391.41, § 391.43, § 391.45, § 392.2, § 392.3, § 392.4, § 392.6, § 392.7, and § 395.3 of the Federal Motor Carrier Safety Regulations.

## VII. NEGLIGENCE OF DEFENDANT VIP TRADE LLC.

Alternatively, and without waiving the foregoing, Defendant VIP TRADE is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of DEFENDANT ASIF KAKAI.

Alternatively, and without waiving the foregoing, said occurrence and Plaintiff's injuries and damages were proximately caused by the direct negligence of Defendant VIP TRADE LLC its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/or gross negligence on the part of Defendant VIP TRADE LLC:



Copy from re:SearchTX

a. Failure to properly educate, instruct, and supervise Defendant KAKAI in the performance of his duties.
b. Failure to supply adequate and reasonably competent drivers and workers.
c. Failure to provide adequate training to its drivers in the operation of his vehicle;
d. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
e. Negligent hiring, supervision, retention, training, and entrustment;
f. Failing to exercise reasonable care in the selection and monitoring of its drivers;
g. Failure to provide training, which met industry standards;
h. Failure to provide proper safety manuals and instructions to drivers;
i. Failing to enforce its safety policies, if any, provided to its drivers;
j. Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
k. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.
l. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
m. By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KAKAI.
n. By allowing Defendant KAKAI to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit and unskilled to operate a commercial motor vehicle.
o. Failing to properly screen its applicants for driver certification.
p. Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KAKAI to drive.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual



Copy from re:SearchTX

conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.

## VIII. NEGLIGENT ENTRUSTMENT OF VIP TRADE LLC.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant VIP TRADE LLC., Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative theories of negligence on the part of Defendant VIP TRADE LLC.:

1. That on July 19, 2022 , Defendant VIP TRADE LLC was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KAKAI.
2. Allowing Defendant KAKAI to operate the vehicle on the public streets of El Paso County, Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit, incompetent, reckless and unskilled to operate the vehicle.
3. Entrusting a vehicle to an unlicensed, incompetent, or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

## IX. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT VIP TRADE LLC.

Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant KAKAI was an employee/agent acting within the course and scope of employment for Defendant VIP TRADE LLC. Plaintiff would show that Defendant VIP TRADE is liable for the damages and injuries which were caused by the negligence of Defendant KAKAI, its employees, agents and representatives. Defendant VIP TRADE LLC. is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant VIP TRADE LLC.



Copy from re:SearchTX

had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant VIP TRADE LLC. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of *respondeat superior*.

## X. PLAINTIFF'S DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has suffered pain and suffering in the past, and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

The amount of Plaintiffs' damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these



Copy from re:SearchTX

elements of damages is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex. R. Civ. P. 47(c)(1) and affirmatively plead that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiffs also seek judgment for all other relief to which Plaintiffs are entitled. Plaintiffs reserve the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff is seeking monetary relief over $250,000.00 but no more than $1,000,000.00.

## XI. PUNITIVE DAMAGES

Plaintiff would show that the acts and omissions of Defendants, their agents, employees, and representatives, constitute reckless, willful, fraudulent, wanton or in bad faith conduct. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless and willful, fraudulent, wanton or in bad faith conduct and to set an example for others that such conduct will not be tolerated.

## XII. PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIII. JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues in this case.

## XIV. TRIAL EVIDENCE



Copy from re:SearchTX

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XV. CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

__/s/ *Connie J. Flores* ______________
**CONNIE J. FLORES**
TX State Bar No.: 24067828
7016 Orizaba Ave.
El Paso, Texas 79912
Phone: (915) 308-1000
Facsimile: (915) 300-0283
cflores@ftalawfirm.com
***ATTORNEY FOR PLAINTIFF***



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alejandra Garcia on behalf of Concepcion Flores
Bar No. 24067828
floresassistant@ftalawfirm.com
Envelope ID: 78808638
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Amended Petition/ ML
Status as of 9/20/2023 9:23 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 9/18/2023 5:38:53 PM | SENT |

Copy from re:SearchTX

# 4

**IN COUNTY COURT AT LAW NUMBER THREE_________**
**IN EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 2023DCV2714_______** |
| | § | |
| **ASIF KAKAI and** | § | |
| **VIP TRADE, LLC** | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF'S MOTION FOR SUBSTITUTION OF COUNSEL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, GABRIEL HOLGUIN, as Movant herein, and requests leave of Court to substitute DANIELA LABINOTI for CONNIE J. FLORES as attorney of record for Plaintiff in the above-entitled and numbered cause, and in support thereof, shows the court the following:

**I.**

DANIELA LABINOTI has been employed to represent Plaintiff, as evidenced by the signatures of CONNIE J. FLORES and Movant below. This substitution is not sought for delay only.

**WHEREFORE, PREMISES CONSIDERED**, Movant GABRIEL HOLGUIN prays for the Court to enter an order substituting DANIELA LABINOTI for CONNIE J. FLORES and discharging CONNIE J. FLORES, as attorney of record for Movant, and for such other and further relief that may be awarded at law or in equity.

Copy from re:SearchTX

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605
Daniela@LabinotiLaw.com

_*/s/ Daniela Labinoti*________
**DANIELA LABINOTI**

**APPROVED:**

*Gabriel Holguin* __*By Permission* ______
**GABRIEL HOLGUIN**

*Connie J. Flores* __*By Permission* _____
**CONNIE J. FLORES**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 80108251
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Substitution of Counsel
Status as of 9/29/2023 2:49 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Daniela Labinoti | | daniela@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |

Copy from re:SearchTX

# 5

**IN COUNTY COURT AT LAW NUMBER THREE_________**
**IN EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 2023DCV2714_______** |
| | § | |
| **ASIF KAKAI and** | § | |
| **VIP TRADE, LLC** | § | |
| | § | |
| **Defendant** | § | |

**ENTRY OF APPEARANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DANIELA LABINOTI, of the law firm of LAW FIRM OF DANIELA LABINOTI, P.C., and enters her appearance as lead counsel of record for Plaintiff GABRIEL HOLGUIN. The undersigned respectfully requests that all future notices, pleadings, correspondence, communications, and any other file documents be copied to the undersigned's attention.

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605
Daniela@LabinotiLaw.com

_*/s/ Daniela Labinoti*_________
**DANIELA LABINOTI**
State Bar No. 24050900

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 80108251
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Substitution of Counsel
Status as of 9/29/2023 2:49 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 9/29/2023 2:24:37 PM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Daniela Labinoti | | daniela@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 9/29/2023 2:24:37 PM | SENT |

Copy from re:SearchTX

# 6

El Paso County - County Court at Law 3
Filed 10/2/2023 3:34 PM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV2714

**IN COUNTY COURT AT LAW NUMBER THREE________**
**IN EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 2023DCV2714_______** |
| | § | |
| **ASIF KAKAI and** | § | |
| **VIP TRADE, LLC** | § | |
| | § | |
| **Defendant** | § | |

**ORDER GRANTING**
**PLAINTIFF'S MOTION FOR SUBSTITUTION OF COUNSEL**

On this the 2nd day of October, 2023 the Court considered the Plaintiff's Motion for Substitution of Counsel.

The Court finds that Movant approved the substitution, and that the substitution is not sought for delay only and should be **GRANTED**.

**IT IS THEREFORE ORDERED** that CONNIE J. FLORES is discharged as attorney of record, and DANIELA LABINOTI is substituted as attorney of record for Movant.

Signed this 2nd day of October, 2023.

[signature]
JUDGE PRESIDING

APPROVED AS TO FORM:

*Dasniela Labinoti*______
DANIELA LABINOTI

Copy from re:SearchTX

*Gabriel Holguin By Permission*___
GABRIEL HOLGUIN

*Connie J. Flores By Permission*___
CONNIE J. FLORES

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 80166302
Filing Code Description: Proposed Order
Filing Description: ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTIUTION OF COUNSEL
Status as of 10/2/2023 4:21 PM MST

Associated Case Party: Gabriel Holguin

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 10/2/2023 3:34:52 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 10/2/2023 3:34:52 PM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 10/2/2023 3:34:52 PM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 10/2/2023 3:34:52 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 10/2/2023 3:34:52 PM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 10/2/2023 3:34:52 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 10/2/2023 3:34:52 PM | SENT |

Copy from re:SearchTX

# 7

El Paso County - County Court at Law 3
Filed 10/16/2023 12:56 PM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV2714

IN COUNTY COURT AT LAW NUMBER THREE
IN EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| GABRIEL HOLGUIN,<br><br>Plaintiff,<br><br>v. | §<br>§<br>§<br>§<br>§ | |
| | § | CAUSE NO. 2023DCV2714 |
| ASIF KAKAI, VIP TRADE, LLC,<br>MIL CARRIERS INC., and<br>AMAZON.COM, INC. D/B/A<br>AMAZON.COM SERVICES, LLC D/B/A<br>AMAZON FREIGHT PARTNERS<br><br>Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GABRIEL HOLGUIN (hereinafter "Plaintiff"), complaining of ASIF KAKAI (hereinafter referred to as "Defendant KAKAI"), VIP TRADE LLC (hereinafter referred to as "Defendant VIP TRADE LLC"), MIL CARRIERS INC. (hereinafter referred to as "Defendant MIL CARRIERS"), AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS (hereinafter referred to as "Defendant AMAZON ") and for a cause of action would show this Honorable Court and Jury the following:

**I.**
**DISCOVERY CONTROL PLAN**

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

**II.**
**PARTIES, JURISDICTION, AND VENUE**

Plaintiff GABRIEL HOLGUIN is a resident of Anthony, NM. The last three numbers of Plaintiff's Driver's License are 775.

Defendant ASIF KAKAI is an individual who is a resident of Texas and may be served with process by serving him at 6742 De Moss Dr. Apt 178, Houston, Texas 7707 and/ or wherever they



Copy from re:SearchTX

may be found.

Defendant VIP TRADE LLC. is an Illinois corporation company doing business in El Paso, Texas and may be served with process by serving its registered agent, John C. Sims. or any other authorized officer or agent therein at 1205 Broadway, Lubbock, Texas and/ or wherever they may be found.

Defendant MIL CARRIERS INC. is an Illinois corporation company doing business in El Paso, Texas and may be served with process by serving its registered agent, John C. Sims. or any other authorized officer or agent therein at 1205 Broadway, Lubbock, Texas and/ or wherever they may be found.

Defendant AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS is a Delaware corporation company doing business in El Paso, Texas and may be served with process by serving its registered agent, Corporation Service Company dba CSC-Lawyers Inco, or any other authorized officer or agent therein at 211 E. 7th Street, Suite 620, Austin, Texas 78701, and/ or wherever they may be found.

This Court has jurisdiction over the parties.

Venue is proper in El Paso County, Texas under Texas Civil Practice & Remedies Code § 15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in El Paso County.

## III.
## MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/ or such parties are/were "alter egos" of parties named herein.

## IV.
## FACTS

The injuries and damages suffered by Plaintiff and made the basis of this claim arose out of an occurrence on or about July 19, 2022, in El Paso County, Texas. At such time and place, Plaintiff was traveling westbound on I-10. Defendant Kakai was operating a tractor trailer for Defendant VIP



Copy from re:SearchTX

TRADE LLC. traveling westbound on I-10 when Defendant Kakai suddenly and without warning or notice rear ended Plaintiff. As a result of this incident, Plaintiff sustained substantial physical injuries and damages.

**V.**
**NEGLIGENCE OF DEFENDANT ASIF KAKAI**

Defendant KAKAI owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant

KAKAI arising from one or more of the following alternative theories of negligence:

1. Operating a commercial vehicle in the United States without qualifying under the Federal Motor Carrier Safety Act.
2. Negligent operation of a commercial motor driven vehicle.
3. Failure to use due care in operating a commercial motor vehicle.
4. Failure to operate a commercial motor vehicle with sufficient caution.
5. Failure to follow regulations as promulgated by the Federal Motor Carrier Safety Administration.
6. Operating a commercial vehicle in the United States without reasonable qualifications, training, testing, and experience.
7. Operating a commercial vehicle when not qualified to do so.
8. Violation of FMCSR § 390.11.
9. Violation of FMCSR § 391.11.
10. Violation of FMCSR § 391.13.
11. Violation of FMCSR § 391.21.
12. Violation of FMCSR § 391.23.
13. Violation of FMCSR § 391.25.
14. Violation of FMCSR § 391.27.
15. Violation of FMCSR § 391.31.
16. Violation of FMCSR § 391.41.
17. Violation of FMCSR § 391.43.
18. Violation of FMCSR § 391.45.
19. Violation of FMCSR § 392.2.
20. Violation of FMCSR § 392.3.
21. Violation of FMCSR § 392.4.
22. Violation of FMCSR § 392.6.
23. Violation of FMCSR § 392.7.
24. Violation of FMCSR § 395.3.
25. Other violations of the FMCSR that may be discovered.
26. Failure to use due care in operating a motor vehicle. Transportation Code §545.351.
27. Failure to drive at a speed in compliance with the posted speed limit. Transportation Code § 544.004.
28. Failure to maintain a safe distance. Transportation Code § 545.062(a).
29. Failure to operate a motor vehicle at a speed which was reasonable and prudent under the conditions.§ 545.351.
30. Failure to maintain an assured clear distance. Transportation Code§ 545.062.



Copy from re:SearchTX

31. Failure to keep a proper lookout.
32. Failure to pay attention.
33. Failure to take proper evasive action.
34. Failure to safely apply brakes to avoid a collision.
35. Failure to turn to the left or right to avoid a collision.
36. Failure to honk and give adequate warning of the impending danger.
37. Failure to warn of the dangers.
38. Failure to use due care and caution under the circumstances then existing.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages. Furthermore, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced, or additional injuries and damages to Plaintiff that would have not been sustained but for one or more of the foregoing acts or omissions.

**VI.**
**NEGLIGENCE PER SE OF DEFENDANT ASIF KAKAI**

Said collision and Plaintiff's damages were proximately caused by Defendant Asif Kakai violations of the laws of the State of Texas and of the United States of America constituting negligence per se. Specifically, Defendant Asif Kakai's conduct violated § 545.351, § 544.004, § 545.351, § 545.062(a), and § 545.062, of the Texas Transportation Code and § 390.11, § 391.11, § 391.21, § 391.23, § 391.25, § 391.27, § 391.31, § 391.41, § 391.43, § 391.45, § 392.2, § 392.3, § 392.4, § 392.6, § 392.7, and § 395.3 of the Federal Motor Carrier Safety Regulations.

**VII.**
**NEGLIGENCE OF DEFENDANT VIP TRADE LLC.**

Alternatively, and without waiving the foregoing, Defendant VIP TRADE is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of DEFENDANT ASIF KAKAI.

Alternatively, and without waiving the foregoing, said occurrence and Plaintiff's injuries and damages were proximately caused by the direct negligence of Defendant VIP TRADE LLC its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/ or gross negligence on the part of Defendant VIP TRADE LLC:



Copy from re:SearchTX

1. Failure to properly educate, instruct, and supervise Defendant KAKAI in the performance of his duties.
2. Failure to supply adequate and reasonably competent drivers and workers.
3. Failure to provide adequate training to its drivers in the operation of his vehicle;
4. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
5. Negligent hiring, supervision, retention, training, and entrustment;
6. Failing to exercise reasonable care in the selection and monitoring of its drivers;
7. Failure to provide training, which met industry standards;
8. Failure to provide proper safety manuals and instructions to drivers;
9. Failing to enforce its safety policies, if any, provided to its drivers;
10. Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
11. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.
12. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
13. By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KAKAI.
14. By allowing Defendant KAKAI to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit and unskilled to operate a commercial motor vehicle.
15. Failing to properly screen its applicants for driver certification.
16. Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KAKAI to drive.

Each of the foregoing negligent acts and/ or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/ or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.



Copy from re:SearchTX

**VIII.**
**NEGLIGENT ENTRUSTMENT OF VIP TRADE LLC.**

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant VIP TRADE LLC., Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative theories of negligence on the part of Defendant VIP TRADE LLC.:

That on July 19, 2022 , Defendant VIP TRADE LLC was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KAKAI.

Allowing Defendant KAKAI to operate the vehicle on the public streets of El Paso County, Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit, incompetent, reckless and unskilled to operate the vehicle.

Entrusting a vehicle to an unlicensed, incompetent, or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

**IX.**
**RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT VIP TRADE LLC.**

Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant KAKAI was an employee/ agent acting within the course and scope of employment for Defendant VIP TRADE LLC. Plaintiff would show that Defendant VIP TRADE is liable for the damages and injuries which were caused by the negligence of Defendant KAKAI, its employees, agents and representatives. Defendant VIP TRADE LLC. is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant VIP TRADE LLC had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant VIP TRADE LLC. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of



Copy from re:SearchTX

respondeat superior.

## X.
## NEGLIGENCE OF DEFENDANT MIL CARRIERS INC.

Alternatively, and without waiving the foregoing, Defendant MIL CARRIERS is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of Defendant ASIF KAKAI.

Alternatively, and without waiving the foregoing, said occurrence and Plaintiff's injuries and damages were proximately caused by the direct negligence of Defendant MIL CARRIERS, its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/ or gross negligence on the part of Defendant MIL CARRIERS:

1. Failure to properly educate, instruct, and supervise Defendant KAKAI in the performance of his duties.
2. Failure to supply adequate and reasonably competent drivers and workers.
3. Failure to provide adequate training to its drivers in the operation of his vehicle;
4. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
5. Negligent hiring, supervision, retention, training, and entrustment;
6. Failing to exercise reasonable care in the selection and monitoring of its drivers;
7. Failure to provide training, which met industry standards;
8. Failure to provide proper safety manuals and instructions to drivers;
9. Failing to enforce its safety policies, if any, provided to its drivers;
10. Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
11. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.
12. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
13. By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KAKAI.
14. By allowing Defendant KAKAI to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit and unskilled to operate a commercial motor vehicle.
15. Failing to properly screen its applicants for driver certification.
16. Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KAKAI to drive.

Each of the foregoing negligent acts and/ or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause



Copy from re:SearchTX

of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/ or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.

## XI.
## NEGLIGENT ENTRUSTMENT OF MIL CARRIERS INC.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant MIL CARRIERS, Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative theories of negligence on the part of Defendant MIL CARRIERS:

That on July 19, 2022 , Defendant MIL CARRIERS was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KAKAI.

Allowing Defendant KAKAI to operate the vehicle on the public streets of El Paso County, Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit, incompetent, reckless and unskilled to operate the vehicle.

Entrusting a vehicle to an unlicensed, incompetent, or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

## XII.
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT MIL CARRIERS INC.

Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant KAKAI was an employee/ agent acting within the course and scope of employment for



Copy from re:SearchTX

Defendant MIL CARRIERS. Plaintiff would show that Defendant MIL CARRIERS is liable for the damages and injuries which were caused by the negligence of Defendant KAKAI, its employees, agents and representatives. Defendant MIL CARRIERS is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant MIL CARRIERS had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant MIL CARRIERS. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of respondeat superior.

## XIII.
## NEGLIGENCE OF DEFENDANT AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS

Alternatively, and without waiving the foregoing, Defendant AMAZON is liable under and as the statutory employers under the Federal Motor Carrier Safety Regulations for the acts and omissions of Defendant ASIF KAKAI.

Alternatively, and without waiving the foregoing, said occurrence and Plaintiff's injuries and damages were proximately caused by the direct negligence of Defendant AMAZON, its agents, servants, and employees. Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence and/ or gross negligence on the part of Defendant AMAZON:

1. Failure to properly educate, instruct, and supervise Defendant KAKAI in the performance of his duties.
2. Failure to supply adequate and reasonably competent drivers and workers.
3. Failure to provide adequate training to its drivers in the operation of his vehicle;
4. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;
5. Negligent hiring, supervision, retention, training, and entrustment;
6. Failing to exercise reasonable care in the selection and monitoring of its drivers;
7. Failure to provide training, which met industry standards;
8. Failure to provide proper safety manuals and instructions to drivers;
9. Failing to enforce its safety policies, if any, provided to its drivers;
10. Violating Federal Motor Carrier Safety Regulations §390.1, §392.3, §392.9(a)(2), §391.21, §391.23, §391.25, §932.2, §390.3e(2), §390.35, §395.3, §395.8, §396 and FMCSR Part 376.
11. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.



Copy from re:SearchTX

12. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
13. By entrusting the operation of its commercial motor vehicle, which was under their control, to Defendant KAKAI.
14. By allowing Defendant KAKAI to operate a commercial motor vehicle on the public streets of Texas and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit and unskilled to operate a commercial motor vehicle.
15. Failing to properly screen its applicants for driver certification.
16. Failing to comply with the US Department of Transportation rules and regulations for commercial drivers in permitting Defendant KAKAI to drive.

Each of the foregoing negligent acts and/ or omissions, whether taken singularly or in any combination, was the proximate cause of Plaintiff's injuries and damages that are described hereinafter with more particularity. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

Plaintiff would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence and/ or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. As a result of Defendants' gross negligence, Plaintiff is entitled to punitive damages.

## XIV.
## NEGLIGENT ENTRUSTMENT OF AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant AMAZON, Plaintiff alleges that the collision and Plaintiff's damages were caused by one or more of the following alternative theories of negligence on the part of Defendant AMAZON:

That on July 19, 2022 , Defendant AMAZON was negligent per se by entrusting the control and operation of the tractor trailer, which was under its ownership and control, to Defendant KAKAI.

Allowing Defendant KAKAI to operate the vehicle on the public streets of El Paso County,



Copy from re:SearchTX

Texas, and in particular, at the location referred to above, when they knew or should have known that Defendant KAKAI was unfit, incompetent, reckless and unskilled to operate the vehicle.

Entrusting a vehicle to an unlicensed, incompetent, or reckless driver when Defendants knew or should have known that the driver was unlicensed, incompetent, or reckless.

**XV.**
**RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF DEFENDANT AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS.**

Alternatively and without waiving the foregoing, at the time of the incident in question, Defendant KAKAI was an employee/ agent acting within the course and scope of employment for Defendant AMAZON. Plaintiff would show that Defendant AMAZON is liable for the damages and injuries which were caused by the negligence of Defendant KAKAI, its employees, agents and representatives. Defendant AMAZON is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job over whom Defendant retained control. Defendant AMAZON had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendant AMAZON. Defendant is legally responsible for the actions and inactions of the motor vehicle operator under the theory of respondeat superior.

**XVI.**
**PLAINTIFF'S DAMAGES**

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.



Copy from re:SearchTX

Plaintiff has suffered pain and suffering in the past, and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

The amount of Plaintiffs' damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex. R. Civ. P. 47(c)(1) and affirmatively plead that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiffs also seek judgment for all other relief to which Plaintiffs are entitled. Plaintiffs reserve the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff is seeking monetary relief over $1,000,000.00.

## XVII.
## PUNITIVE DAMAGES

Plaintiff would show that the acts and omissions of Defendants, their agents, employees, and representatives, constitute reckless, willful, fraudulent, wanton or in bad faith conduct. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless and willful, fraudulent, wanton or in bad faith conduct and to set an example for others that such conduct will not be tolerated.



Copy from re:SearchTX

## XVIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIX.
## JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues in this case.

## XX.
## TRIAL EVIDENCE

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XXI.
## CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605
Daniela@LabinotiLaw.com

/s/ Daniela Labinoti
DANIELA LABINOTI
State Bar No. 24050900



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 80628295
Filing Code Description: Amended Filing
Filing Description: PLAINTIFFS SECOND AMENDED PETITION
Status as of 10/16/2023 1:16 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 10/16/2023 12:56:38 PM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |
| Jonathan Baeza | | jonathan@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |
| Stephanie Vargas | | svargas@ftalawfirm.com | 10/16/2023 12:56:38 PM | SENT |
| Alejandra Garcia | | floresassistant@ftalawfirm.com | 10/16/2023 12:56:38 PM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 10/16/2023 12:56:38 PM | SENT |

Copy from re:SearchTX

# 8

**IN THE COUNTY COURT AT LAW NUMBER THREE**

**EL PASO COUNTY, TEXAS**

GABRIEL HOLGUIN Cause No. 2023DCV2714

VS

ASIF KAKAI, VIP TRADE, LLC, MIL CARRIERS INC., and AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS

**ORDER SETTING HEARING**

It is hereby ordered that a **Status Hearing** is scheduled for **April 22, 2024 at 11:00 AM** **VIA ZOOM** (see attached page for the Zoom information) in the County Court at Law Number Three, located at 500 E. San Antonio Street, Suite 1001, 10th Floor, El Paso, Texas 79901.

IF ANY PARTY SEEKING AFFIRMATIVE RELIEF FAILS TO APPEAR FOR ANY HEARING OR TRIAL OF WHICH THE PARTY HAD NOTICE, THE PARTY'S CASE/CLAIMS MAY BE DISMISSED FOR WANT OF PROSECUTION.

Please consult the El Paso County Local Rules published on the website for the Office of Court Administration: https://topics.txcourts.gov/LocalRulesPublic/LocalRuleDocuments.

If you or your witness require an interpreter, you are responsible for contracting a freelance certified court interpreter.

Signed on **1/23/2024.**

**Melissa A. Baeza, Judge**
**County Court at Law Number Three**

**eFile Texas Service:**
Daniela Labinoti

Copy from re:SearchTX

JUDGE MELISSA BAEZA is inviting you to a scheduled Zoom meeting.

Topic: 04/22/2024 HEARINGS

Join Zoom Meeting

https://txcourts.zoom.us/j/88414427331

Meeting ID: 884 1442 7331

One tap mobile

+13462487799,,88414427331# US (Houston)

+17193594580,,88414427331# US

Dial by your location

- +1 346 248 7799 US (Houston)
- +1 719 359 4580 US
- +1 253 205 0468 US
- +1 253 215 8782 US (Tacoma)
- +1 669 444 9171 US
- +1 669 900 6833 US (San Jose)
- +1 305 224 1968 US
- +1 309 205 3325 US
- +1 312 626 6799 US (Chicago)
- +1 360 209 5623 US
- +1 386 347 5053 US
- +1 507 473 4847 US
- +1 564 217 2000 US
- +1 646 931 3860 US
- +1 689 278 1000 US
- +1 929 205 6099 US (New York)
- +1 301 715 8592 US (Washington DC)

Meeting ID: 884 1442 7331

Find your local number: https://txcourts.zoom.us/u/kBkkbXkEA

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 83785653
Filing Code Description: Proposed Order
Filing Description: ORDER SETTING HEARING
Status as of 1/25/2024 4:00 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 1/25/2024 10:18:31 AM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |
| Jonathan  Baeza | | jonathan@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 1/25/2024 10:18:31 AM | SENT |

Copy from re:SearchTX

# 9

# Law Firm of Daniela Labinoti P.C.

*- Texas & New Mexico –*

January 15, 2024

***Via Texas E-Filing***
El Paso County District Clerk's Office

Re: Issuance of Citations
Cause No.: 2023-DCV-2714
Filing Date: October 16, 2023
Type of Service:

1. **Citation for Personal Service** for Defendants Asif Kakai, VIP Trade, L.L.C., MIL Carriers, Inc., & Amazon.com
2. **Citations for Outside Service** for Defendant Asif Kakai

Dear Sir or Madam:

Please be advised I am requesting that citations be issued for the case styled *Gabriel Holguin vs. Asif Kakai, et. al.* for **service of process on Defendants**. Our office is requesting the following citation be issued in connection with Plaintiff's Original Petition, which was filed on October 16, 2023.

**Citation for Personal Service on Defendant Asif Kakai.** Defendant Asif Kakai is an individual residing in Harris County, Texas, and may be served with process by serving him at 6742 De Moss Drive, Apt. #178, Houston, Texas 77074-4939, and/or wherever he may be found.

**Citation for Outside Service on Defendant Asif Kakai.** Defendant Asif Kakai is an individual residing in Harris County, Texas, and pursuant to Texas Civil Practice and Remedies Code Sec. §17.062 et seq, the Texas Secretary of State is the agent of service of process on a person who is a resident of Texas in any suit against a person involved in an accident that occurred while operating a motor vehicle on a public highway or street in this state and may be with process by serving Jane Nelson, Texas Secretary of State, via certified mail to 1019 Brazos, Room #105, Austin, Texas 78701, who will then issue service of process for Defendant Asif Kakai by serving by serving him at 6742 De Moss Drive, Apt. #178, Houston, Texas 77074-4939, and/or wherever he may be found.

**707 Myrtle Avenue, El Paso, Texas 79901**
**www.labinotilaw.com ♦ Email: *Daniela@labinotilaw.com***
**Phone (915) 581-4600 ♦ Fax (915)581-4605**

Copy from re:SearchTX

**Citation for Personal Service on Defendant VIP Trade, L.L.C..** Defendant VIP Trade, L.L.C. is a foreign for-profit corporation doing business in the State of Texas and may be served with process by serving its registered agent, John C. Sims, and/or any other authorized officer or agent therein at 10 Old Oak Drive, Apt. #201, Buffalo Grove, Illinois 60089-3638, and/or wherever they may be found.

**Citation for Personal Service on Defendant MIL Carrier, Inc.** Defendant MIL Carrier, Inc. is a foreign for-profit corporation doing business in the State of Texas and may be served with process by serving its registered agent and/or any other authorized person at 4339 Dempster Street, Skokie, Illinois 60076-2037, and/or wherever they may be found.

**Citation for Personal Service on Defendant Amazon.com, Inc. d/b/a Amazon.com Services, L.L.C. d/b/a Amazon Freight Partners.** Defendant Amazon.com, Inc. d/b/a Amazon.com Services, L.L.C. d/b/a Amazon Freight Partners is a foreign for-profit corporation doing business in the State of Texas and may be served with process by serving its registered agent, Corporation Service Company s/b/a CSC-Lawyers, Inco., and/or any other authorized officer or agent therein at 211 E. 7th Street, Suite #620, Austin, Texas 78701, and/or wherever they may be found.

Please note that the requested citation for the above referenced matter should be emailed to the following email addresses:

biancam@labinotilaw.com daniela@labinotilaw.com suetta@labinotilaw.com

As of January 1, 2021, the Texas Rules of Civil Procedure have changed and now require additional, specific language in the citation. Please be sure the citations include the following language:

The citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof.

The citation shall include the following notice to the defendant: “You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.”

If you have any questions, please do not hesitate to contact my legal assistant Bianca C. Martinez at (915)581-4600 or by email at biancam@labinotilaw.com.



Copy from re:SearchTX

Respectfully submitted,

***/s/ Daniela Labinoti***
Daniela Labinoti
Attorney at Law



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 83410533
Filing Code Description: No Fee Documents
Filing Description: Request for Issuance of Citations / NC
Status as of 1/16/2024 4:11 PM MST

Associated Case Party: Gabriel Holguin

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 1/15/2024 10:22:52 AM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |
| Jonathan Baeza | | jonathan@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 1/15/2024 10:22:52 AM | SENT |

Copy from re:SearchTX

# 10

CAUSE NO. 2023DCV2714

| | | |
|---|---|---|
| **GABRIEL HOLGUIN**<br>*Plaintiff(s),* | § | COUNTY COURT AT LAW NUMBER 3 |
| v. | § | OF |
| **ASIF KAKAI, et al.**<br>*Defendant(s).* | § | EL PASO COUNTY, TEXAS |

## RETURN OF SERVICE

I, Michélle du Plessis, being duly sworn, state:

I am not a party to or interested in the outcome of this suit.

I received the following documents on January 17, 2024, at 5:18 pm. I delivered these documents to Amazon.com, Inc. d/b/a Amazon.com Services, L.L.C. d/b/a Amazon Freight Partners in Travis County, TX on January 18, 2024 at 3:27 pm at 211 East 7th Street, Austin, TX 78701 by leaving the following documents with Neisha Gross who as Intake Specialist at Corporation Service Company is authorized by appointment or by law to receive service of process for Amazon.com, Inc. d/b/a Amazon.com Services, L.L. C. d/b/a Amazon Freight Partners.

Citation
PLAINTIFF'S SECOND AMENDED PETITION

Black or African American Female, est. age 35-44, glasses: N, Black hair, 220 lbs to 240 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=30.2785015335,-97.7376346332
Photograph: See Exhibit 1

My name is Michélle du Plessis, my date of birth is 2/11/1975, and my address is 7201 Ranch Road 2222, Austin, TX 78730, and USA.

I declare under penalty of perjury that the foregoing is true and correct.


Copy from re:SearchTX

Executed in

Travis County,

TX on 1/19/2024.

/s/ *Michlle du Plessis*

Michélle du Plessis
+1 (512) 333-1722
Certification Number: PSC-20619
Expiration Date: 3/31/2024



Copy from re:SearchTX





Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 83646200
Filing Code Description: No Fee Documents
Filing Description: Affidavit of Service for Amazon
Status as of 1/23/2024 8:06 AM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 1/22/2024 12:44:57 PM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |
| Jonathan Baeza | | jonathan@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 1/22/2024 12:44:57 PM | SENT |

Copy from re:SearchTX

# 11

Norma Favela Barceleau
District Clerk
El Paso County
2023DCV2714

**IN THE COUNTY COURT AT LAW NUMBER THREE**

**EL PASO COUNTY, TEXAS**

GABRIEL HOLGUIN Cause No. 2023DCV2714

VS

ASIF KAKAI, VIP TRADE, LLC, MIL CARRIERS INC., and AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS

**ORDER SETTING HEARING**

It is hereby ordered that a **Status/Scheduling Conference** is scheduled for **January 19, 2024 at 11:00 AM VIA ZOOM** (see attached page for the Zoom information) in the County Court at Law Number Three, located at 500 E. San Antonio Street, Suite 1001, 10th Floor, El Paso, Texas 79901.

IF ANY PARTY SEEKING AFFIRMATIVE RELIEF FAILS TO APPEAR FOR ANY HEARING OR TRIAL OF WHICH THE PARTY HAD NOTICE, THE PARTY'S CASE/CLAIMS MAY BE DISMISSED FOR WANT OF PROSECUTION.

Please consult the El Paso County Local Rules published on the website for the Office of Court Administration: https://topics.txcourts.gov/LocalRulesPublic/LocalRuleDocuments.

If you or your witness require an interpreter, you are responsible for contracting a freelance certified court interpreter.

Signed on **12/8/2023.**

**Melissa A. Baeza, Judge**
**County Court at Law Number Three**

**eFile Texas Service:**
Daniela Labinoti

Copy from re:SearchTX

Topic: 01/19/2024 HEARINGS

Join Zoom Meeting
https://txcourts.zoom.us/j/89311080814

Meeting ID: 893 1108 0814

One tap mobile
+13462487799,,89311080814# US (Houston)
+12532158782,,89311080814# US (Tacoma)

Dial by your location
• +1 346 248 7799 US (Houston)
• +1 253 215 8782 US (Tacoma)
• +1 669 444 9171 US
• +1 669 900 6833 US (San Jose)
• +1 719 359 4580 US
• +1 253 205 0468 US
• +1 305 224 1968 US
• +1 309 205 3325 US
• +1 312 626 6799 US (Chicago)
• +1 360 209 5623 US
• +1 386 347 5053 US
• +1 507 473 4847 US
• +1 564 217 2000 US
• +1 646 931 3860 US
• +1 689 278 1000 US
• +1 929 205 6099 US (New York)
• +1 301 715 8592 US (Washington DC)

Meeting ID: 893 1108 0814

Find your local number: https://txcourts.zoom.us/u/kelsXoG4Zw

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 82379802
Filing Code Description: Notice
Filing Description: STATUS/SCHEDULING CONFERENCE
Status as of 12/8/2023 1:49 PM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |
| Jonathan Baeza | | jonathan@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 12/8/2023 9:36:45 AM | SENT |

Copy from re:SearchTX

# 12

**IN COUNTY COURT AT LAW NUMBER THREE**
**IN EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **GABRIEL HOLGUIN,**<br><br>*Plaintiff*<br><br>**v.**<br><br>**ASIF KAKAI, VIP TRADE, LLC, MIL CARRIERS INC., and AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS**<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CAUSE NO. 2023DCV2714** |

**DEFENDANT AMAZON.COM, INC.'s ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Amazon.Com, Inc, incorrectly sued herein as "Amazon.Com, Inc., D/B/A Amazon.Com Services, LLC D/B/A Amazon Freight Partners" (hereinafter collectively "Defendants" or "Amazon") and file their Original Answer to Plaintiff Gabriel Holguin's (hereinafter "Plaintiff") *Second Amended Petition* in the above numbered and styled cause, and in support thereof would respectfully show the Court as follows:

**I.**
**SPECIAL EXCEPTIONS**

1. Texas follows a "fair notice" standard for pleadings in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). The fair notice pleading standard serves to give the

opposing party information sufficient to enable it to prepare a defense. *Horizon v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). In determining whether a pleading is adequate, the court examines whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy. *Elite Door & Trim v. Tapia*, 355 S.W.3d 757, 766 (Tex.App.— Dallas 2011, no pet.).

2. The purpose of Special Exceptions is to force clarification of an adverse party's pleadings when they are not clear or sufficiently specific. *Connolly v. Gasmire,* 257 S.W. 3d 831, 839 (Tex. App. - Dallas 2008, no pet.). Special Exceptions may also be used to determine whether a party has stated a claim or defense permitted by law. *Mowbray v. Avery,* 76 S.W. 3d 663, 677 (Tex. App- Corpus Christi 2002, pet. Denied) (citing Tex. R. Civ. P. 91). Pursuant to Rule 91 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants point out the following defects in Plaintiff's Original Petition and respectfully requests this court enter an order requiring Plaintiff to re-plead the allegations in his petition.

**Special Exception No. 1: Negligence Per Se**

3. Defendants specially excepts to theory 10 of **Section XIII** of *Plaintiff's Second Amended Petition,* purporting to allege negligence. As plead, this constitutes an allegation of "negligence per se," as defective and failing to put Defendants on fair notice of Plaintiff's claims. Plaintiff cannot maintain a claim of negligence *per se* against Defendants based on an alleged violation of a statute which incorporates an ordinarily prudent person standard and does not establish a specific standard of conduct different from the common-law standard of ordinary care.

4. The case of *Perkins v. Delaney*, 170 S.W.3d 136 (Tex. App.-Eastland 2005, no pet.) illustrates the analysis employed by Texas courts in dismissing negligence *per se* allegations. In *Perkins*, the trial court denied the plaintiff's request to present TEX. TRANS. CODE § 545.058 to the

jury. *Id*. at 136. The trial court also refused the plaintiff's request to instruct the jury on the issue of negligence *per se* based on an alleged violation of the statute. *Id*. The statute provided that an operator may drive on an improved shoulder of a roadway if it could be "done safely." *Id*. at 137. The *Perkins* court focused on the qualifying language in the statute "done safely." *Id*. It concluded the statute "does not impose an absolute duty, but, rather, imposes a conditional duty that correlates to the common law duty of reasonable care." *Id*. As a result, the court held that when "the duty imposed by a statute is conditional, a negligence *per se* instruction is precluded." *Id*. at 138.

5. This holding follows the customary inquiry of Texas courts addressing this issue. Where a statute incorporates an ordinarily prudent person standard, negligence *per se* does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care. *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.-Texarkana 2002, pet. denied); *see also Cudworth v. South Texas Paisano Const. Co*., 705 S.W2d 315, 317 (Tex. App.-San Antonio 1986, writ ref'd n.r.e.). In other words, where the duty of compliance with an ordinance or statute is conditioned on what is reasonable, the negligence *per se* doctrine does not apply. *Maddox*, 67 S.W.3d at 458. Defendant requests that Plaintiff's allegations in this regard be stricken and that Plaintiff be required to replead to meet this special exception.

**<u>Special Exception No. 2: Gross Negligence</u>**

6. Amazon specially excepts and objects to **Section XVII** of *Plaintiff's Second Amended Petition* as to allegations of "Punitive Damages", to the extent it purports to state a cause of action for gross negligence. Amazon specially excepts to these conclusory allegations on the grounds that they are merely improper recitations of purported bad conduct and fail to inform Amazon with sufficient particularity of the nature of Amazon's alleged gross negligence.

7. Under Texas law, Amazon cannot be liable for punitive damages unless it has committed "an act or omission (1) when, viewed objectively from the standpoint of the actor at the time of occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." Tex. R. Civ. Prac. & Rem. Code Ann. § 41.001(11); *BP Oil Pipeline Co. v. Plain Pipeline, L.P.*, 472 S.W.3d 296, 312 (Tex. App. – 14th Dist.) quoting *Transportation Inc. Co. v. Moriel*, 879 S.W. 2d 10, 23 (Tex. 1994). Further, a business entity may only be liable for gross negligence if the business entity, such as Defendants, commits gross negligence itself, and not vicariously through its purported employee or agent. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

8. Plaintiff has not properly plead this cause of action or cited any alleged facts or law which would potentially give rise to a gross negligence claim against Defendants. Plaintiff's factual pleadings indicated this was a run of the mill motor vehicle collision and wholly fails to set forth any allegations which give rise to a gross negligence claim. *Id.* at ¶ 10. Defendant requests that Plaintiff's allegations in this regard be stricken and that Plaintiff be required to replead to meet this special exception.

## II.
## GENERAL DENIAL

9. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Amazon generally denies each and every allegation and cause of action in Plaintiff's Original Petition and demands strict proof thereof.

## III.

## AFFIRMATIVE DEFENSES

10. Pleading further, Amazon would show that Defendants ASIF KAKAI, VIP TRADE, LLC, and MIL CARRIERS, INC., are independent contractors as a matter of law, and are not employees, borrowed employees, or agents of Amazon. To that extent, Amazon did not have the right to direct or control the details of the work performed by Defendants ASIF KAKAI, VIP TRADE, LLC, and MIL CARRIERS, INC. A written contract expressly excludes any right of control by Amazon over the details of the work performed by Defendants ASIF KAKAI, VIP TRADE, LLC, and MIL CARRIERS, INC's alleged acts and/or omissions.

11. Amazon invokes the right to comparative responsibility of Plaintiff, Defendants ASIF KAKAI, VIP TRADE, LLC, and MIL CARRIERS, INC., any responsible third party, and any settling party as provided under Chapter 33 of the Texas Civil Practices & Remedies Code, and requests that the fact finder apportion proportionate responsibility for the causes of action asserted in this lawsuit as provided under Chapter 33.

12. Amazon invokes all rights and remedies available under Chapter 32 and Chapter 33 of the Texas Civil Practice & Remedies Code.

13. Amazon invokes Section 41.0105 of the Texas Civil Practice & Remedies Code that restricts Plaintiffs' recovery, if any, to only those medical expenses actually paid or that were incurred by or on Plaintiff's behalf.

14. Amazon invokes Section 18.091 of the Texas Civil Practice & Remedies Code concerning Plaintiff's claims for lost wages and loss of earning capacity.

15. Pleading further and in the alternative, Amazon asserts that Plaintiff's damages and injuries, if any, are the result of pre-existing injuries and/or unrelated medical conditions that were not caused or aggravated by the occurrence in question.

16. Pleading further and in the alternative, Amazon asserts that Plaintiff failed to mitigate his damages, if any, by failing to act as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating his injuries, if any, that allegedly resulted from the occurrence in question.

17. Pleading further and in the alternative, Amazon would show that Plaintiff is not entitled to an award of exemplary damages and that the assessment of exemplary damages against Amazon would amount to excessive punishment in violation of the Texas Constitution and the Constitution of the United States.

18. Pleading further and in the alternative, Amazon asserts that the Exemplary Damages Act, TEX. CIV. PRAC. & REM. CODE §§ 41.001–41.013 applies to restrict and limit Plaintiff's claims for exemplary damages, and Amazon intends to invoke the statutory damage cap in the unlikely event that exemplary damages are awarded.

19. Pleading further and in the alternative, Amazon asserts that it cannot be held vicariously liable for gross negligence of a separate person or entity unless Plaintiffs prove that:

(1) A principal authorized the doing and the manner of the act, or

(2) An agent was unfit and the principal was reckless in employing him, or

(3) An agent was employed in a managerial capacity and was acting in the scope of employment, or

(4) An employer or a manager of the employer ratified or approved the act.

20. Pleading further and in the alternative, in the unlikely event that Amazon is found liable to Plaintiff, Amazon affirmatively pleads that it is entitled to a credit or offset for any and all sums Plaintiffs have received or may hereafter receive by way of any and all settlements, loan receipts, or Mary Carter type agreements arising from Plaintiff's claims and causes of action.

**A. <u>U.S. Constitutional Defenses against Punitive Damages</u>**

21. Further, Amazon hereby invokes its rights under the Due Process Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution. Amazon affirmatively pleads punitive and/or exemplary damages violate the due process clauses contained in the Fifth and Fourteenth Amendments, inasmuch as they are assessed:

(1) In an amount left to the discretion of the jury;

(2) By the vote of ten jurors and not a unanimous verdict.

(3) By virtue of the fact that Plaintiff needs only to prove the theory of gross negligence on a preponderance of the evidence standard, rather than on "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

(4) By the fact that such awards are unduly vague and do not meet the requirements of due process, in that punitive and/or exemplary damages are not based on a clearly defined statutory enactment setting forth specific requirements;

(5) By virtue of the fact that Amazon, in essence, is subjected to all the hazards and risks of a criminal fine, and, in fact, such awards often exceed normal criminal fines, but Amazon receives none of the basic rights afforded to a criminal defendant when subjected to possible criminal penalties;

(6) By virtue of the fact that Amazon who is the subject of the award does not have the right to refuse to testify against themselves, but must, in fact, take the stand and/or give deposition testimony or subject themselves to the consequences of default judgment; and

(7) By virtue of the fact that the assessment of punitive and/or exemplary damages differs from Defendant to Defendant and that such assessment treats similar Defendants in dissimilar ways.

22. Further, Amazon affirmatively pleads the assessment and award of punitive and/or exemplary damages violates the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, in that such

awards potentially constitute an excessive fine imposed without the protection of fundamental due process.

23. Accordingly, Amazon hereby pleads its rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and respectfully request this Honorable Court disallow the award of punitive and/or exemplary damages, inasmuch as an award in this case would violate Amazon's United States Constitutional Rights.

**B. <u>Texas Constitutional Defenses against Punitive Damages</u>**

24. Amazon also asserts its rights under the Texas Constitution Article 1, section 3, section 13 and section 19 as such awards for punitive damages are arbitrary, unreasonable and in violation of Amazon's rights to due process and equal protection under the law.

(1) A punitive damage award would violate the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the Fourteenth Amendment to said Constitution and in Article I, section 19, of the Texas Constitution.

(2) No provision of Texas law provides any adequate or meaningful standard or guide for fixing, determining or reviewing the amount of an award of punitive damages. Defendants had no notice of, or means of, ascertaining the amount of the penalty they would or might be subject to for the conduct upon which the award ostensibly is to be based.

(3) No provision of Texas law provides adequate procedural safeguards consistent with the criteria of *Matthews v. Eldridge,* 424 U.S. 319, 96 S.Ct 893 (1976) for the imposition of an award of punitive damages.

**C. <u>U.S. Constitutional Defenses against Pre-Judgment Interest</u>**

25. Additionally, Amazon affirmatively asserts that the assessment and award of pre-judgment interest violates the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, in that such an award constitutes an excessive fine imposed without the protection of fundamental due process. Accordingly, Amazon hereby invokes its rights under the Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution and respectfully requests this Court disallow any award of pre-judgment interest for the following reasons:

(1) Any award by a jury is to be an amount of money assessed at the time of trial and is to be paid in dollars awarded at the time of trial and, as such, the jury has already factored into its deliberations the change in the value of money from the time of the occurrence in question until the time of trial; and

(2) In awarding prejudgment interest, Plaintiff, in effect, receives double any prejudgment interest into account the time value of money and prejudgment interest added to the jury's verdict constituting an award amounting to double recovery.

**D. <u>Texas Statutory Defenses against Pre-Judgment Interest</u>**

26. Amazon further asserts that Plaintiff's claims for prejudgment interest are limited by the dates and amounts set forth in one or more of the following statutes, as applicable to this case:

1. ARTICLE 5069-1.05, § 6, TEX. REV. CIV. STAT. ANN;
2. Tex. Civ. Prac. & Rem. Code § 41.007; and
3. Texas Finance Code.

## IV.
## NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7

27. Amazon hereby invokes Rule 193.7 of the Texas Rules of Civil Procedure and gives notice of its intent to use any and/or all documents produced in discovery by any party to this cause as evidence in any pretrial proceedings and/or the trial of this cause.

## V.
## JURY DEMAND

28. Amazon hereby requests a jury trial and will tender the required fee as required by law, if not already tendered by another party.

## VI.

## RESERVATION OF RIGHT TO AMEND

29. Amazon expressly reserves the right to amend this pleading at a later date, in order to assert additional matters which may become apparent during the course of discovery.

## VII.
## PRAYER

30. WHEREFORE, PREMISES CONSIDERED, Defendants Amazon.Com, Inc. D/B/A Amazon.Com Services, LLC D/B/A Amazon Freight Partners pray that Plaintiff take nothing by his claims and causes of action against Defendants Amazon.Com, Inc. D/B/A Amazon.Com Services, LLC D/B/A Amazon Freight Partners and that they be granted such other relief, whether general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, L.L.P.**

By: */s/ Stephen B. Smith*
**Stephen B. Smith**
Texas Bar No. 18684450
Stephen.smith@wilsonelser.com
**Efrain Forte, III**
Texas Bar No. 24105872
Efrain.Forte@wilsonelser.com
901 Main Street, Suite 4800
Dallas, Texas 75202
Telephone: 214-698-8000
Facsimile: 214-698-1101

**COUNSEL FOR DEFENDANT AMAZON.COM, INC. D/B/A AMAZON.COM SERVICES, LLC D/B/A AMAZON FREIGHT PARTNERS**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2024, I electronically served the foregoing using TX Efile.gov, which sends notification of such filing to all counsel of record.

*/s/ Stephen B. Smith*
Stephen B. Smith

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elena Mendoza on behalf of Stephen Blaine Smith
Bar No. 18684450
elena.mendoza@wilsonelser.com
Envelope ID: 84390315
Filing Code Description: Answer/Response
Filing Description: Defendant's Original Answer
Status as of 2/12/2024 9:43 AM MST

Associated Case Party: Gabriel Holguin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Labinoti | | daniela@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |
| Connie J.Flores | | cflores@ftalawfirm.com | 2/12/2024 9:06:43 AM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |
| Jonathan Baeza | | jonathan@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |
| Juliana Moreno | | juliana@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |
| Gabriel Holguin | | gabriel@labinotilaw.com | 2/12/2024 9:06:43 AM | SENT |

Associated Case Party: AMAZON.COM, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Efrain Forte | | efrain.forte@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |
| Elena Mendoza | | elena.mendoza@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |
| Ana Moran | | ana.moran@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |
| Sam Myers | | sam.myers@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |
| Stephen B.Smith | | stephen.smith@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |
| Elizabeth Martinez | | Elizabeth.martinez@wilsonelser.com | 2/12/2024 9:06:43 AM | SENT |